Battershall *v.* Davis.

[NEW YORK SPECIAL TERM, April 2, 1860. *Sutherland,* Justice.]

---

## BATTERSHALL *vs.* DAVIS and others.

A subscription for shares of the capital stock of a manufacturing company is a legal obligation, which can be enforced by action, and by forfeiture for non-payment. It is therefore a good consideration for giving a bond and mortgage to secure the payment of the amount subscribed.

And the neglect or omission of the company to issue to the mortgagor scrip for the shares, at his request, will not amount to a failure of the consideration; where it appears that should the officers of the company issue the stock without payment therefor in money, they would make themselves liable for the amount, to the creditors of the company.

A stockholder of a corporation, after having joined in an application made to the court by the receiver, for authority to sell the assets of the corporation, cannot be permitted to question the validity of the receiver's appointment, or of the order directing the sale.

THIS was an action for the foreclosure of a mortgage, and was tried at the circuit, before LEONARD, justice, without a jury; and the following facts were found by him:

The defendant Alexander Davis subscribed for a large number of shares of stock in the Hydeville Marble Company, and being indebted to the said company thereon, in the sum of $1675, by arrangement with the said company, executed his bond for that sum, secured by a mortgage from himself and wife, to Peter W. Livingston, then a trustee of the said company, dated March 28, 1857, on the premises described in the complaint, which mortgage was also acknowledged and recorded as stated in the complaint. The bond and mortgage were delivered to the company by Davis, together with his note for $267.50, on the 1st day of April, 1857, and were by the company received in full payment of all indebtedness. The company also held two notes made by Davis, one for $451.70, due August 13, 1856, and the other for $476.28, due September 15, 1856, which the company agreed to surrender to Davis at the time the bond and mortgage and the note for $267.50 were delivered, as aforesaid. The company, although often requested by Davis, never did surrender the notes to him. At the time the bond and mortgage were so delivered, the said two notes were in the hands of a third party, who had no title to them as against Davis, but who continued to detain them until the trial herein, when they were produced in court by this plaintiff and offered to be surrendered to the defendant Davis. Davis paid his note for $267.50 at maturity. Livingston, who had advanced nothing on the bond and mortgage to him, and had no interest therein except as a trustee for the company, by assignment under seal dated the 23d day of November, 1857, duly executed and acknowledged, transferred and conveyed the bond and mortgage to the Hydeville Marble Company.

By two orders made in October and November, 1858, in an action instituted in this court by John S. Christie, for the purpose, among other things, of dissolving the said company as an insolvent corporation, Lucien D. Coman was appointed receiver of the assets and property thereof. Another order was made in the said action, in February, 1859, authorizing

Battershall v. Davis.

the said receiver to sell the assets and property of the company, and the defendant Alexander Davis united with the receiver in making the application to the court for the said order last mentioned.

The plaintiff was the president of the company at the time the receiver was appointed, and has never since resigned or been removed, but has never since taken any action as president, so far as the evidence shows. The plaintiff was a creditor of the company at the time the receiver was appointed, and previously, in an amount largely exceeding the amount of the said bond and mortgage. The receiver assigned the said bond and mortgage to the plaintiff on the 2d day of April, 1859. The plaintiff paid no new consideration for the bond and mortgage, but received it at the amount due thereon for principal and interest, in part payment of the indebtedness due to him from the company. All the stock for which Davis had subscribed, or to which he was entitled, except 36 shares, was issued to him by the company. The defendant Davis, who was also a trustee of the company, several times asked the company to issue scrip to him for the said 36 shares of stock, after the bond and mortgage had been executed and delivered by him to the company; which request, although never refused, was never actually complied with. The company was organized as a corporation under the act of the legislature of the state of New York passed in 1848, to authorize the formation of corporations for manufacturing, mining, mechanical or chemical purposes, and the certificate for that purpose was filed in the office of the clerk of the city and county of New York, October 6th, 1856. There has been no market value for the stock of this company at any time since the first demand made by Davis for the issue of scrip for the said 36 shares of stock. The par value was $50 per share. No payments have been made on the bond and mortgage, for principal or interest. The amount of interest now due thereon is the sum of $358.43, and the whole sum due for principal and interest is $2033.43.

*A. K. Hadley,* for the plaintiff.

*William R. Stafford,* for the defendants.

LEONARD, J. There are two questions only, in this case, that are entitled to be noticed.

*First.* Whether a bond and mortgage given to secure the payment of a sum due to a manufacturing company, on a subscription for shares, can be collected after the subscriber has demanded scrip for his shares, and neglect or refusal by the company to issue it.

The subscription for shares is a legal obligation which can be enforced by action, and by forfeiture for non-payment. It is therefore a good consideration for giving the security. If the bond and mortgage were to be declared void, the subscriber would remain liable for his subscription. The receipt given for the bond and mortgage by the company, says that Davis is to be credited for the full amount of it. The mortgage was probably taken as security for the debt due from the mortgagor to the company, and given to obtain indulgence. It makes very little difference to the debtor whether he pays his bond and mortgage, or his debt due for the shares for which he became a subscriber.

The act under which the company was organized, declares that money only shall be taken in payment for shares, prohibits all loans by the company, and declares that all the officers shall be liable for all the debts of the company, to the extent of the loan. The act also directs that all stock must be paid for, half in one, and half in two years. How then could the company have lawfully issued the shares in question? If the officers issued the stock without payment therefor in money, they made themselves liable for the amount. The officers could assent to giving indulgence and take a mortgage to secure the debt, and thereby protect themselves against liability. Were the company in existence, the court might stay the collection of the mortgage until the company should

Battershall *v.* Davis.

issue the stock. I am not able to perceive that the defendant Davis would have any recourse to compel the company to issue scrip till the mortgage or the price of the stock should be paid. If the company, as in this case, should fail before the stock should be paid for, the party who had subscribed for the stock would still be liable to pay, although the stock had become worthless. The bond and mortgage is therefore, I conceive, founded on a valid consideration, and is obligatory upon the maker.

*Second.* It is alleged by the defendants that the proceedings in the action of Christie against the company, for a dissolution thereof, wherein the receiver was appointed, and was afterwards authorized to sell the assets &c. of the company, was irregular and void, and that the title of the plaintiff to the bond and mortgage in question, is therefore nugatory and worthless.

Questions of irregularity are to be settled in the action wherein they arise, unless questions of jurisdiction are involved.

Davis cannot be permitted to question the appointment of the receiver, or the order directing the sale of the assets, including this mortgage, inasmuch as it appears from the petition of the receiver, upon which the order of sale was granted, that Davis joined in that application as well as several other stockholders and trustees of the company.

It is not necessary to decide whether he could, under other circumstances, successfully dispute the authority of the court to appoint the receiver in this case.

[New York Special Term, April 2, 1860. *Leonard*, Justice.]