## PALEN *v.* BUSHNELL *et al.*

(*Supreme Court, Special Term, New York County.* December 2, 1889.)

1. VALIDITY OF RECEIVER'S APPOINTMENT—LACHES.
   In an action by a receiver in supplementary proceedings to set aside as fraudulent a transfer of the judgment debtor's property, the transferee's executors, who have been substituted as defendants in his place, cannot, by supplemental answer, 26 years after the commencement of the action, raise the question of the regularity and validity of the receiver's appointment, where the transferee himself during his life-time never attempted to do so.

2. FRAUDULENT CONVEYANCES—ACTION TO SET ASIDE—JUDGMENT DEBTOR'S DISCHARGE IN BANKRUPTCY—EFFECT.
   By filing his bill to set aside the transfer of the property by the judgment debtor as in fraud of the rights of the judgment creditors the receiver acquired an equitable lien against the property, which is not defeated by the fact that the judgment debtor subsequently filed his petition in bankruptcy, and was discharged from all his debts; nor does such discharge prevent the fraudulent transferee from being held responsible for the property transferred or its value.

3. SAME—PART PAYMENT OF JUDGMENT—LACHES IN PLEADING.
   The fraudulent transferee, who lived 24 years after the commencement of the action, was guilty of gross neglect in not pleading a part payment of the judgment alleged to have been made by the judgment debtor shortly after the rendition of the judgment, and the transferee's executors will not be permitted to set up such payment by a supplemental answer.

4. SAME—DEATH OF JUDGMENT CREDITOR—EFFECT ON RECEIVERSHIP.
   The death of the judgment creditors will not prevent the receiver from prosecuting the action on the ground that there is no one in being interested in the receivership, where the judgment creditors have left heirs entitled to receive any moneys collected on the judgment.

On motion for leave to file supplemental answer.

This action was originally instituted in 1863 by William Palen, as receiver in supplementary proceedings of Henry Bange, against said Bange and one Ezra L. Bushnell, to whom said Bange was alleged to have conveyed property in fraud of his creditors. Defendant Bushnell died June 13, 1887, leaving a will by which he appointed Adelaide E., his wife, executrix, and Ezra D. Bushnell and Albert Van Der Werken executors. At the time of defendant Bushnell's death the action was pending before a referee, and was subsequently revived against the executrix and executors. See 4 N. Y. Supp. 64, and 21 N. E. Rep. 1118, *mem.* The executors then made this motion for leave to file a supplemental answer, the fourth paragraph of which is as follows: "Further, these defendants answering supplementally as aforesaid upon information and belief allege (1) that, as set forth in paragraph 3 of the complaint, the judgment under which the plaintiff claims title to bring and maintain this action was a contract debt upon promissory notes of the defendant Bange, made by him in 1860, and thereon action was commenced by the payee in July, 1862, and, on default of said Bange to answer, the said judgment was entered against him on August 14, 1862. (2) That said judgment was recovered as aforesaid twenty-seven years ago, and under the statute is paid and satisfied, more than twenty years having elapsed since its recovery. (3)

That in February, 1868, said Henry Bange filed his petition in bankruptcy in the district court of the United States for the southern district of New York, he was therein adjudged a bankrupt, and on June 22, 1868, he was discharged in said court in bankruptcy from all his then debts, including the judgment debt set forth in the complaint, which was a provable debt in said proceeding, and of which proceeding the plaintiff had due notice and knowledge. (4) That soon after the recovery of said judgment, to-wit, on or about April 27, 1863, said Bange transferred and delivered, to be credited on said judgment, notes and assets belonging to him to the amount and value of $8,686.89, and the same were received by plaintiff for the judgment creditors aforesaid as a credit thereon, or in satisfaction thereof." In their proposed supplemental answer the executors also allege that the judgment creditors had died, and that there is no one in being interested in the receivership, or entitled to receive any moneys, except the receiver himself. On the hearing of the motion, however, plaintiff introduced affidavits showing that the judgment creditors had left widows and nephews and nieces entitled to receive any moneys collected on the judgment.

*William C. Holbrook, (Nelson Merrill, of counsel,) for plaintiff. H. M. Whitehead, for defendants.*

PATTERSON, J. This is an application made on behalf of the executors of E. L. Bushnell, deceased, for leave to file a supplemental answer in this action, which has been pending in this court for 26 years, and which was brought by the plaintiff, as receiver of the property of Henry Bange, a judgment debtor, to recover certain property, or the value thereof, which it is claimed was unlawfully transferred to Mr. Bushnell in his life-time, the action having originally been brought against him, and, since his death, having been revived against his personal representatives. Concerning the right of the plaintiff, as receiver, to maintain the action, no question can be raised at this time, unless the defendants are permitted to set up certain matters which they now desire to urge respecting the regularity and legality of his appointment as receiver. To refer to such matters specifically, they may be stated as follows: *First,* that the receiver never had any right to institute this action, because he never received any authority from the court to commence or maintain it; *second,* that he is, and has been for many years, a non-resident of this state; *third,* that he was never regularly appointed receiver; *fourth,* that he filed an improper bond, and that there is no one now living liable upon the bond. So far as all these matters are concerned, I think they have been disposed of by what has been determined in proceedings in the second department,[1] referred to in the opposing affidavits, and fully presented on the argument of this motion; but whether they have or not, it is clear they were all known, or might have been known, to Mr. Bushnell during his life, and after this lapse of time it is too late to introduce them as defenses to the action simply because the substituted defendants did not know until their counsel discovered that which was known, or might have been known, to Mr. Bushnell during his life-time.

The matter sought to be set up in the fourth paragraph of the proposed supplemental answer should not be allowed to be interposed, for the presumption of payment therein referred to can scarcely be indulged, in the face of the fact that this action has been pending for 26 years; but, further than that, it seems that the general term of this court has already passed upon that question, and it has been disposed of by its decision.[2]

Concerning the discharge in bankruptcy, which is sought to be set up, I think that should not be allowed. If I understand the facts correctly, the receiver's action was brought in 1863. The national bankrupt act was not

---

[1] See note at end of case.      [2] See 4 N. Y. Supp. 64.

passed until 1867. The receiver's action was virtually to set aside a transfer of the property claimed to be fraudulent as against the judgment creditor represented by the receiver, and by the filing of his bill he acquired an equitable lien against the property, and the subsequent discharge of the judgment debtor does not, in my opinion, defeat that equitable lien, or prevent the fraudulent transferee being held responsible for that property transferred, or its value.

The allegation as to the transfer of notes and assets in 1863, contained in the fourth subdivision of the fourth paragraph, ought not to be allowed to be pleaded now, after a lapse of a quarter of a century, and in view of the gross neglect of Mr. Bushnell in setting it up during his life-time, for he did not die until June, 1887, 24 years after this transaction is said to have occurred.

The only remaining matter sought to be placed before the court by this supplemental answer is that there is no one in being interested in the receivership, or entitled to receive any moneys thereunder, except the receiver himself. But this is fully disposed of by the affidavits of Mr. Nelson Merrill, the attorney for the plaintiff, and of Mr. Holbrook. On the whole case I am decidedly of the opinion that this application is without merit, and that the ends of justice would not be subserved by granting it in any of its branches. Motion denied, with $10 costs.

NOTE.

In January, 1888, the executors, as substituted defendants, made a motion in Kings county to vacate the order appointing plaintiff as receiver on account of irregularities in his appointment. This motion was denied, and on appeal to the general term of the supreme court for the second department the following opinion was filed: "DYKMAN, J. This is an appeal from an order of the county judge of Kings county denying a motion to vacate an order appointing a receiver in proceedings supplementary to execution, and remove his bond from the files of the county clerk, and vacate all his proceedings. The motion was made by the judgment debtor, and the order which he desires to annul was made in October, 1862. After his appointment, and in the year 1863, the receiver commenced an action against the judgment debtor and Ezra L. Bushnell for the recovery of property alleged to have been transferred by the judgment debtor in fraud of creditors, which has been tried before a referee, who found all the facts in favor of the receiver, and, among other things, found in favor of his appointment,—that is, that he was regularly appointed as such receiver. Our conclusion also is that the appointment of the receiver was regular, and that the motion for his removal was properly denied. The order appealed from should be affirmed, with $10 costs and disbursements."