(6 Misc. Rep. 394.)

### STOVER v. CHASSE.

(Common Pleas of New York City and County, General Term.    January 2, 1894.)

LANDLORD AND TENANT—ASSIGNMENT OF LEASE.

  The holder of a leasehold interest in premises, part of which defendant held under a sublease for five years, executed to plaintiff an instrument which purported to be a lease of the portion of the premises held by defendant for the same five years. *Held*, that such instrument operated as an assignment of the lease held by defendant, and was not a sublease to plaintiff.

Appeal from first district court.

Summary proceedings by Alfred Stover, as landlord, against Raphael Chasse, as tenant.    From a judgment in favor of defendant, plaintiff appeals.    Reversed.

In February, 1891, James S. Wilson and Edwin B. Wilson, then being the landlords of the leasehold premises known as "No. 55 Vesey Street," in this city, by an instrument in writing leased to one Raphael Chasse, the respondent herein, as tenant, the front basement of said premises for the term of two years from May 1, 1891, as a barber shop, and by which lease the respondent was given the first refusal of said premises for a further period of five years from May 1, 1893.    The respondent entered into the occupation of said premises.    He gave notice of his election to take a renewal of the lease for five years, May 1, 1893, and he still occupies the premises in controversy.    The said premises are leasehold premises, and the ground upon which the building thereon stands was, at the time of the execution of the said Chasse lease, held by the said James S. and Edwin B. Wilson under a lease from the Corporation of Trinity Church, in the city of New York, which lease the former assigned to one Albine Schultheis, who obtained from said last-named owner of the fee a renewal of the lease for 21 years from May 1, 1893, and who, on or about said last-mentioned date, executed and delivered to Alfred Stover, the appellant, a lease of the premises in controversy, together with other premises, for a term of five years from May 1, 1893, under which the appellant demands possession of the premises occupied by the respondent. The appellant demanded from the respondent the rent of said premises due since May 1, 1893, but payment thereof was refused.    The respondent made tender of his rent to Mrs. Schultheis, who refused to accept the same, and who told him to pay his rent to the appellant, and look to him as his landlord, but the respondent refused to recognize the appellant as his landlord.    Summary proceedings were then instituted by the appellant against the respondent to remove him from the said premises for nonpayment of rent.    There was no dispute as to the facts upon the trial.    At the close of the evidence, the

respondent's counsel moved for the dismissal of the proceedings on the ground that the appellant failed to show the conventional relation of landlord and tenant. The justice made a final order in favor of the tenant, (respondent,) "on the ground that the petitioner (appellant) has not the entire estate of Schultheis in the premises demised to Chasse, the tenant;" and the landlord has brought this appeal.

Argued before BISCHOFF and GIEGERICH, JJ.

Alfred C. Reeves, for appellant.
Bernard J. Isecke, for respondent.

GIEGERICH, J. The sole question presented for solution by this appeal is whether the instrument made by Mrs. Schultheis to the appellant operated as an assignment of the entire estate of the former in the Chasse lease, or as a sublease. "An assignment, as applied to leasehold interests, is properly defined to be a transfer or making over to another of the right one has in the unexpired residue of a term or estate for years. Though the interest be future, as a term of years to commence in futuro, the transfer is valid, because the interest is vested in praesenti, though it does not take effect till a future time." McAdam, Landl. & Ten. (2d Ed.) p. 269. "An assignment, as contradistinguished from an underlease, signifies a parting with the whole term." Id. Where the alienor, by any instrument whatever, whether reserving conditions or not, parts with his entire interest, he has made a complete assignment, or, if he has transferred his entire interest in a part of the premises, he has made an assignment pro tanto. If he retain a reversion in himself, he has made a sublease. Woodhull v. Rosenthal, 61 N. Y. 382, 391; Stewart v. Railroad Co., 102 N. Y. 601, 607–612, 8 N. E. 200. See Kelly v. Smith, which was decided by this court, and reported in 16 N. Y. Supp. 521. It is immaterial what form of instrument is used,—whether it purports to be an assignment or a new lease. See cases last cited. The circumstances that the second lease reserves a different rent, or right to a re-entry for breach of condition, are immaterial. Stewart v. Railroad Co., supra. It is essential to an undertenancy that it be of a part, only, of an unexpired term. Bedford v. Terhune, 30 N. Y. 454, 457; Woodhull v. Rosenthal, supra; Stewart v. Railroad Co., supra. This case is distinguishable from Collins v. Hasbrouck, 56 N. Y. 157, and the cases cited by Rapallo, J., in his elaborate opinion in Stewart v. Railroad Co., 102 N. Y., at page 613, 8 N. E. 200. In those cases the sublease provided for the surrender of the premises by the lessee to the lessor at the end of the term, while, in the case before us, the instrument to the appellant does not provide to whom he shall surrender the premises at the expiration of the term. Applying the principles of the decisions in Stewart v. Railroad Co., Kelly v. Smith, and Woodhull v. Rosenthal, supra, to the present case, it must be held that the effect of the demise of Mrs. Schultheis to the appellant of the premises occupied by the respondent, for a period equal to her own term therein under the Chasse lease, was to divest her of any reversionary right in the demised estate and premises, and the appellant, as the assignee of his said alienor, succeeded to her entire estate and inter-

est in the premises in controversy. The final order should therefore be reversed, and a new trial ordered, with costs to the appellant to abide the event.