(8 Misc. Rep. 331.)

### FOSTER et al. v. OLDHAM.

(Common Pleas of New York City and County, General Term. May 7, 1894.)

LANDLORD AND TENANT—ASSIGNMENT OF LEASE—PRESUMPTION.
  Possession of demised premises by a person other than the lessee raises a presumption that the lease was assigned to the person in possession.

On reargument. For decision on appeal, see 23 N. Y. Supp. 1024. Argued before BISCHOFF and GIEGERICH, JJ.

Wilber & Oldham, for appellant.
Summer B. Stiles, for respondents.

GIEGERICH, J. This is a reargument of the appeal taken herein by the defendant. It is now claimed by the appellant, for the first time, that the final order granted by default in summary proceedings instituted by the respondents against John Pearce, Jr., tenant, and Henry M. Leverich and Edward T. Oldham, assignees, undertenants, to recover possession of the premises in question, is an adjudication binding upon the respondents, which creates an estoppel, on the theory that the appellant was an undertenant. Assuming that the final order in such summary proceedings was an adjudication that the appellant was an undertenant, still that would have no bearing upon the decision of this appeal, as the appellant promised to pay the rent, which was an independent agreement, made upon sufficient consideration, and was binding upon him.

Appellant also claims that a lease was outstanding in another tenant for the very period rent for which is demanded. This claim is based upon the fact that the lease of the premises in question was made to one John Pearce, Jr., and as Pearce & Co., a firm, occupied the premises at the time of their assignment to the appellant for the benefit of creditors, and no assignment of the lease by John Pearce, Jr., having been proven, the appellant argues that the lease was in

John Pearce, Jr., and that he alone is liable for the rent. The authorities, however, do not favor this contention. When a person other than the lessee is shown to be in possession of leasehold premises, the law presumes that the lease has been assigned to him. Bedford v. Terhune, 30 N. Y. 453; Frank v. Railroad Co., 122 N. Y. 197, 219, 25 N. E. 332, and cases cited. There was, therefore, a direct privity of estate between the respondents and the general assignee of the assignors of the lease. The justice determined, upon a conflict of evidence, that the appellant occupied the premises for the months of July, August, September, and October, 1891, for which period respondents demanded rent, and we think such determination of that question of fact is amply supported by the evidence. The fact that the appellant acknowledged his liability and promised to pay the rent only tends to make a stronger case against him. This disposes of all the questions raised by the appellant. We have re-examined the record, and, after again carefully considering the evidence, we are satisfied that the decision of the justice was in all respects correct. The judgment should be affirmed, with costs.