H. KOEHLER & Co., Appellants, *v.* JAMES W. BRADY, Respondent.

*Lease — waiver of a covenant not to assign — re-entry by the landlord — the prayer for relief need not, in direct terms, ask for leave to redeem.*

Where a lease contains a covenant on the part of the lessee not to assign the same, and also a condition of forfeiture of the lease in case of a breach of that covenant, the acceptance by the lessor of rent accruing after an assignment of the lease, with knowledge thereof, is a waiver of the forfeiture, and the condition, once dispensed with, is dispensed with forever, so that the assignee can thereafter assign and can transfer a good title to the lease without the consent of the landlord.

A re-entry by a landlord, under the terms of a forfeiture clause contained in a lease, cannot be made, except on his compliance with the provisions of law which in certain cases authorize the retaking of possession of the premises.

The fact that the complaint in its prayer for relief does not in direct terms ask for leave to redeem premises, taken by a landlord under a forfeiture clause contained in the lease thereof, is not conclusive upon the plaintiff's rights, because the court upon the trial can give such relief as, upon the proof, it may appear that the plaintiff is entitled to.

APPEAL by the plaintiffs, H. Koehler & Co., from an order of the Supreme Court, made at the New York Special Term and entered

in the office of the clerk of the county of New York on the 20th day of April, 1894, vacating a temporary injunction which restrained the defendant from moving certain chattels from certain premises, and denied the plaintiffs' motion to continue the same until final judgment.

_Emanuel J. Myers_, for the appellants.

_William E. Wyatt_, for the respondent.

O'BRIEN, J.:

The complaint in its prayer for relief is susceptible of the view, either that the action is brought upon the theory that one McCabe, as a tenant at will, being in possession of the premises, after notice from plaintiffs, should remove, or, as contended by plaintiffs, that it is to redeem from the summary proceedings and to compel defendant to receive from them, as mortgagees and assignees of the lease made by the defendant landlord to one Daniel J. Foley, certain alleged arrears of rent and charges and expenses incurred in summary proceedings.

The facts are fully set forth in the complaint, showing that the plaintiffs advanced the sum of $1,800 to one McGin for the purpose of enabling him to pay for the lease and fixtures of a store which McGin had purchased from Wiseman, the assignee of the original tenant Foley, and that as security for the sum so advanced plaintiffs received an assignment of the lease and a mortgage on the fixtures. Subsequently, McGin, without notice to plaintiffs, transferred whatever interest he had in the property to McCabe, who, having neglected to pay the rent, was ousted in summary proceedings brought by the defendant as landlord. Prior thereto written notice of the interest which plaintiffs claim in the premises was given to the defendant, which notice contained a request that if any arrearage of rent should ensue, they should be notified so that they might pay the same. And before the bringing of this action, they again notified the defendant of their willingness to pay the arrearages of rent and expenses of the summary proceedings, and demanded possession of the premises.

The grounds upon which such demand was resisted were, _first_, that the lease contained a covenant that an assignment thereof should

not be made without the consent of the landlord, and that an assignment without such consent had worked a forfeiture; and, *second,* that the defendant, having got possession of the premises for failure of the tenant in possession to pay the rent, cannot have such possession disturbed.

The answer to the first, upon the facts appearing, would seem to be furnished by the case of *Murray* v. *Harway* (56 N. Y. 337), wherein it was held (headnote) that "where a lease contains a covenant on the part of the lessee not to assign, with a forfeiture of the lease in case of breach, acceptance of rent by the lessor accruing after an assignment, with knowledge thereof, is a waiver of the forfeiture; and the condition once dispensed with is dispensed with forever, so that the assignee can thereafter assign and can transfer a good title to the lease" — even without the consent of the landlord. It is conceded that the defendant as landlord knew that Foley had assigned and that such assignee subsequently had delivered over possession of the premises to McGin; but he seeks to evade the force of the waiver which resulted from his acceptance of the rent by saying that he notified him that he would regard him merely as a monthly tenant. This, however, is no answer, because the re-entry under the forfeiture clause could not be made except upon compliance by the landlord with the provisions of law which in such case authorize the retaking of the premises.

The acceptance of rent, therefore, from an assignee of the lease having been a waiver of the condition of forfeiture, which was thus gone forever, it remains to determine what force there is in the other position taken by the defendant, that, having obtained possession through summary proceedings, such possession cannot be disturbed.

In view of the notice which the defendant had of the plaintiffs' interest in the premises, good faith, it seems to us, should have induced him to give plaintiffs the opportunity of paying the rent as it accrued. But apart from this, if the action can be regarded as one to redeem, then, the unexpired term of the lease exceeding five years, the plaintiffs could at any time "within one year after the execution of the warrant pay or tender &ast; &ast; &ast; all rent in arrear," together with interest, costs and charges incurred by the landlord, which would entitle the plaintiffs to possession. (Code Civ. Proc. § 2256.) Both by the notice and in the complaint it is shown that

such tender was made, and it is still open for the defendant to accept such amounts and to place the plaintiffs in possession.

The fact that the complaint in its prayer for relief does not in direct terms ask for leave to redeem is not conclusive upon the plaintiffs' rights, because the court upon the trial can give such relief as upon the proof it may be shown that the plaintiffs are entitled to. It may be that upon such trial the facts may to some extent be varied and that the defendant may be able to maintain his possession; but we think that sufficient was shown upon the motion to have justified the court in continuing the temporary injunction until the action could be tried, because the undertaking which the plaintiffs would be required to give would amply protect the defendant.

Our conclusion, therefore, is that the order appealed from should be reversed, with ten dollars costs and disbursements, and the motion for preliminary injunction granted upon the plaintiffs giving the usual undertaking in the sum of $500.

Follett and Parker, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion for injunction granted on conditions stated in opinion.