(9 Misc. Rep. 45.)

## STOVER v. CHASSE.

(Common Pleas of New York City and County, General Term. June 4, 1894.)

SUMMARY PROCEEDINGS—TENDER.

Code Civ. Proc. § 2244, as amended by Laws 1893, allowing in summary proceedings the same defenses as may be interposed in a court of record, does not authorize a tender of rent due to be made and pleaded during the pendency of the proceeding, as section 731 provides that a tender can be made in an action pending in a court of record when "the complaint demands judgment for a sum of money only."

Appeal from first district court.

Summary proceedings by Alfred Stover against Raphael Chasse. There was a final order in favor of plaintiff, and defendant appeals. Affirmed.

Argued before BOOKSTAVER and BISCHOFF, JJ.

Bernard J. Isecke, for appellant.

A. G. Todd and A. G. Reeves, for respondent.

BOOKSTAVER, J. This matter was before us upon a former appeal (Stover v. Chasse, 6 Misc. Rep. 394, 26 N. Y. Supp. 740), where a judgment in favor of the tenant was reversed, and a new trial ordered. Upon that new trial, the evidence which had been taken on the former was read as the evidence in the case, and no new matter was introduced on the second trial except a plea of tender of $142.50, which the counsel for the landlord admitted covered the amount due to that date, as claimed by the landlord, but did not include the costs in the court of common pleas on appeal by the landlord. Therefore all the questions involved in this proceeding except those arising out of the tender made by the tenant to the landlord have been passed upon by this court in favor of the landlord, and are res adjudicata.

We do not think the court erred in refusing to accept the tenant's plea of tender. There is no common-law principle which will permit a tender of money during the pendency of an action to bar a proceeding which is not brought for the obtaining of money, and where the right to make a tender is not expressly given by statute. Section 2231 of the Code of Civil Procedure gives the landlord the right to maintain this proceeding, and to obtain his final order, pursuant to section 2249. There is no statutory authority for a tender in the proceeding except that given by section 2254, after the final order is made. If any rent whatever is due and unpaid, and there is a holding over by the tenant, without permission, after demand, the landlord is entitled to a warrant of dispossession, unless it is stayed as provided by law. Jarvis v. Driggs, 69 N. Y. 143; Brown v. Mayor, 66 N. Y. 385, 390; Durant Land Imp. Co. v. East River Electric Light Co. (Com. Pl. N. Y.) 6 N. Y. Supp. 659; Witty v. Acton, 58 Hun, 552, 12 N. Y. Supp. 757. But the tenant claims the right to make the tender, and plead it, under section 2244 of the Code, as amended by the Laws of 1893, which allows substantially the same defenses that could be interposed if the proceeding were in a court of record. But even in a court of record a tender cannot be made and pleaded after the action is commenced, except in the cases specified by section 731 of the Code, and that section allows such tender only in those actions in which "the complaint demands judgment for a sum of money only." Clement v. Railroad Co. (Sup.) 9 N. Y. Supp. 601. Sections 731 and 733 of the Code apply only to actions wherein a money judgment is demanded; and it is obvious that the recovery of rent is not the primary object of summary proceedings, but the recovery of the possession of the premises is. The tender in this case could not be made except as prescribed by

the statute. Wilson v. Doran, 110 N. Y. 101, 108, 17 N. E. 688. A plea of tender after suit brought does not bar the action; it merely prevents further costs and interest from accruing. Hill v. Place, 7 Rob. (N. Y.) 389, 48 N. Y. 520; 5 Lawson, Rights, Rem. & Pr. §§ 2526, 2527, and note; Spann v. Baltzell, 46 Am. Dec. 347. But, even if we are wrong in this, we still think the justice was right in refusing to admit the plea, because the order of this court directing a new trial in the court below meant that such new trial should be had upon the facts as they existed when the case was before the court for review, and an amendment which will change the nature of the action or defense is generally refused after a new trial has been ordered. Farmers' Loan & Trust Co. v. United Lines Tel. Co., 47 Hun, 315; Berford v. Iron Mine (Super. Ct. N. Y.) 8 N. Y. Supp. 193; Palen v. Bushnell (Sup.) 13 N. Y. Supp. 785; Holly v. Graf, 29 Hun, 443. We think further that, even if the court below had the authority to allow the plea of tender, and had allowed it, and held the tender sufficient, such tender could not have barred the landlord's right to the final order, but would have simply deprived him of the costs of the new trial. A plea of tender is an unequivocal admission of the justness of the plaintiff's claim to the extent of the sum tendered. So conclusive is the admission that, if the tender is refused, and the parties proceed to trial, and it shall turn out that the plaintiff is not entitled to anything, the plaintiff shall have a verdict for the sum tendered. Roosevelt v. Railroad Co., 45 Barb. 554, 556; Eaton v. Wells, 82 N. Y. 576. But, again, the tender was manifestly insufficient. On the former appeal the judgment was reversed, with costs to the landlord to abide the event. The tenant tendered to the plaintiff and paid into court the sum of $142.50 only, which included the rent to date and interest and the costs in the court below, but did not include the costs on the first appeal. These were given to the plaintiff to abide the event. The tender, if accepted, would have decided the proceedings in plaintiff's favor, and the costs of the first appeal would then have been his. A tender which does not include costs and expenses to date is inoperative. In re Clark's Estate (Sup.) 15 N. Y. Supp. 370. The tenant's payment of these costs into court on the day the decision was rendered by the justice is also ineffectual. It does not appear whether the tender was made before or after the decision, but that is immaterial, as it concededly was not made until after the case had been submitted to the justice for his consideration.

The appellant contends that it was error to permit the questions put to a witness upon the first trial as to the amount of rent due, and that this final order should be reversed on that account. But we do not think any such result should follow, as it is manifest these questions and answers did the defendant no harm. The final order must therefore be affirmed, with costs to the landlord; but, of course, the tenant may take advantage of section 2254 of the Code, and stay the execution of the warrant by the payment of all rent, interest, and costs to that date.