# THE

# New York Supplement

## VOLUME 34.

(13 Misc. Rep. 124.)

### CLARK v. GREENFIELD.

(Common Pleas of New York City and County, General Term. June 3, 1895.)

1. LANDLORD AND TENANT—ASSIGNMENT OF LEASE.
   A bill of sale by a lessee of property on the leased premises, including the lease for its entire term, operates as an assignment of the lease.

2. SAME—PRESUMPTION AS TO ASSIGNMENT.
   Where a person other than the lessee is in possession of the leased premises, he is presumed to be in possession as assignee of the lease, and not as an undertenant.

3. SAME—COVENANT AGAINST ASSIGNMENT—WAIVER.
   A covenant in a lease forbidding the lessee to assign without the lessor's consent is waived where the lessor accepts rent after he knows that the lessee has assigned the lease. .

Appeal from Sixth district court.

Summary proceedings by Francis A. Clark against Charles H. Greenfield to recover possession of certain premises on the ground of nonpayment of rent. From a final order in favor of plaintiff, defendant appeals. Reversed.

Argued before BOOKSTAVER, BISCHOFF, and PRYOR, JJ.

Samson Lachman, for appellant.
P. C. Talman, for respondent.

BOOKSTAVER, J. In the summer of 1894 the petitioner and respondent, Francis A. Clark, was the owner of a saloon on the corner of Twenty-Second street and Third avenue, in this city, of which premises he was the lessee under a lease from the owner, Patrick Kiernan, which lease has still several years to run. Clark sold this place to the defendant, Greenfield, for $15,000, of which the sum of $2,150 was paid in cash. The bill of sale included, among other things, the lease above mentioned, for its entire term. On making the sale, Clark promised Greenfield to secure Kiernan's consent to the assignment of the lease, but this he failed to do. On the payment of the cash, Greenfield went into possession. At this time the superior landlord had not been consulted. Greenfield asked Clark to go with him to see the landlord, but the latter refused, and finally Green-

field went alone to the superior landlord, who declined to accept him, but stated he would do so if Clark would come to see him. This Clark refused to do, and so an arrangement was entered into by which Greenfield paid Clark the monthly rent as it accrued, and the latter paid the amount over to the owner. For the moneys paid to Clark he gave receipts, stating that the moneys were to be paid by him to the owner. In January, 1895, Greenfield paid the rent to the owner directly on the latter's application, and was given a receipt running to Clark. Greenfield desired a receipt in his own name, but the owner explained that he did not want to relinquish his right against Clark. Greenfield stands ready to pay his rent to Kiernan, and declined to pay it to Clark, for the month of February, and hence these proceedings were taken; Clark claiming that the defendant was his tenant, and not Kiernan's, and that the rent was payable to him. The defendant deposited the rent in court, and appealed from the decision of the justice awarding the amount to Clark.

By the bill of sale, the whole lease was conveyed by Clark to Greenfield. The whole premises were covered by the lease, as well as the entire time the lease had to run. No right of re-entry was reserved to Clark. At the time of the sale of the saloon to Greenfield, there was a first mortgage upon the premises to secure certain promissory notes; and the price agreed to be given less the cash paid, was secured by a certain mortgage from Greenfield to Clark. Hence it is clear that under that bill of sale no relation of landlord and tenant could exist between the parties thereto. From the evidence on this subject the only inference which can be drawn is that Greenfield was the assignee of the lease, and the tenant of Kiernan, and not of Clark. Where a person other than the lessee is in possession of premises, the presumption is that he is in possession as assignee of the lease, and not as undertenant; 12 Am. & Eng. Enc. Law, 1036; McAdam, Landl. & Ten. p. 284; Foster v. Oldham, 8 Misc. Rep. 331, 28 N. Y. Supp. 559; Acker v. Witherell, 4 Hill, 112. An attempt was made on the trial to overcome this presumption by the testimony of Clark, who swore that after Greenfield had seen Kiernan, who would not accept him as tenant, he being unknown to him, he (Greenfield) said he would pay Clark the rent, and that the latter should take care of the landlord, to which Clark replied that he would pay the landlord as usual; and this was continued for some time, the checks for rent being given by Greenfield to Clark, who turned them over to Kiernan, and, upon receiving the receipts for the rent, turned those over to Greenfield. This, however, clearly did not create the relation of landlord and tenant as between Clark and Greenfield, nor give him the right of re-entry. At most, it was an agreement between the parties whereby Clark was to be the agent of Greenfield for the purposes of paying the rent. Summary proceedings cannot be commenced for the purpose of enforcing such an agreement, or recovering for the breach of it, as these proceedings can only be maintained where the conventional relation of landlord and tenant exist. We therefore think the justice erred in granting the final order.

It is true that Kiernan refused to formally accept Greenfield as his tenant, and hence it may be argued that, if Clark is not Greenfield's landlord, he has none who would be entitled to maintain summary proceedings in case he failed to pay his rent. But with this we have nothing to do. It is sufficient that the conventional relation of landlord and tenant did not exist between the parties to this proceeding. We think, however, that the covenant in the lease from Kiernan to Clark against an assignment or subletting without his consent was waived by his (Kiernan's) acceptance of the rent, with full knowledge of the assignment of the lease. Murray v. Harway, 56 N. Y. 337; Collins v. Hasbrouck, Id. 157; Conger v. Duryee, 90 N. Y. 594; Koehler v. Brady, 78 Hun, 443, 29 N. Y. Supp. 388. The mere fact that the landlord, on receiving payment of the January rent, made the receipt out in the name of Clark, does not prevent the operation of this rule. As before stated, we think the bill of sale operated as an assignment of the lease. It passed all Clark's interest as lessee to Greenfield. The rent was all payable by Greenfield. No right of re-entry was reserved by Clark, nor was a surrender of the premises to be made to him. Such a transfer constitutes an assignment, and not an underletting. Bedford v. Terhune, 30 N. Y. 453; Woodhull v. Rosenthal, 61 N. Y. 391; Ganson v. Tifft, 71 N. Y. 46; Stewart v. Railroad Co., 102 N. Y. 601, 8 N. E. 200; Stover v. Chasse, 6 Misc. Rep. 396; 26 N. Y. Supp. 740.

But, even if we are mistaken in this view of the law, still the order should be reversed, as no default in the payment of rent nor any proper demand of payment was shown. The evidence of the plaintiff did not disclose the amount of rent or the day on which it became payable. Hence no default could be established except by showing an explicit demand. An attempt was made to do this by one McManus, but he simply testified that he made a demand of the man in charge of the premises. There is no evidence as to who this man was, nor did the witness say what he demanded. The witness Kelly, who is the owner's attorney, made a demand on Clark on behalf of the owner; but this has no bearing on the case, as at that time Clark was not the tenant.

We, therefore, think that the order should be reversed, with costs to the appellant. All concur.