ISABELLA M. PITTS et al., Respondents, v. NEW MAM-MOTH GOLD MINING COMPANY et al., Appellants.

RECEIVER—APPOINTMENT—OBJECTIONS.

Where a receiver is appointed of an insolvent corporation, and thereafter, by consent of all parties, many suits against it, some legal and some equitable, are consolidated and tried together, in which the receiver is recognized and takes part, an objection, first made after judgment, that the appointment of the receiver was illegal because made in an action at law, should not be considered.

Decided July 30, 1901.

Appeal from District Court, Salt Lake County.—*Hon. Ogden Hiles,* Judge.

Action by Isabel M. Pitts and another against the New Mammoth Gold-Mining Company and others. From a decree directing the sale of the property of the defendant mining company, and determining the amount and priority of liens

thereon, the defendants National Bank of the Republic and Frank Knox, trustee, appeal.

AFFIRMED.

The record herein shows that an action entitled John R. Foulks v. The New Mammoth Gold-Mining Company was commenced on November 25, 1899. The plaintiff in that action, among other things, alleged substantially that the defendant company is wholly insolvent and without funds to pay its debts and obligations, large amounts of which are due and unpaid; that besides the plaintiff, who is a stockholder, there are a large number of other creditors of the company—employees —who have not been paid their wages since October 1, 1899; that these creditors threaten and are about to file liens, and to commence proceedings to enforce the same; that the capital stock of the corporation is non-assessable, and that therefore it has no means to raise funds to pay its liabilities; that all the corporate property has heretofore been conveyed by trust deed to creditors to secure claims; and that unless a receiver be appointed to take charge of the property of the corporation, and to sell the same under the directions of the court, and apply the proceeds in discharging the indebtedness of the company, the property will be dissipated and lost. The prayer, *inter alia*, was for the appointment of a receiver. On the same day the defendant company, by its attorney, entered its appearance in the action, waived issuance and service of summons, consented to the appointment of a receiver, and thereupon a receiver was appointed. On the same day (November 25) another action, to foreclose a mortgage, was commenced, in which Isabel M. Pitts was plaintiff, and the New Mammoth Gold-Mining Company, E. G. Rognon, the National Bank of the Republic, and Frank Knox, trustee, et al., were defendants. On December 28 following, the defendant bank and

Knox filed an answer and cross-complaint in the last-mentioned action, in which cross-complaint a trust deed was set forth, and foreclosure thereof prayed for. Following the commencement of the first action a number of other independent suits were brought against the defendant company, all for the purpose, as appears, of subjecting the corporate property to the payment of the various claims of the complainants, cross-complainants, and interveners. These several actions were on January 27, 1900, consolidated for the purpose of trial, and were thereafter tried under the title of Isabel M. Pitts v. The New Mammoth Gold-Mining Company, a corporation, et al.; and upon trial an order was entered directing the receiver to sell the corporate property of the defendant company, and apply the proceeds in payment of the various claims in amounts and according to priority as found by the court. The defendants National Bank of the Republic and Knox appealed from the decree and judgment.

*W. R. Hutchinson, Esq.*, for appellants.

*Messrs. William A. Lee* and *A. C. Bishop* for respondents.

Upon the statement of the case as above, BARTCH, J., delivered the opinion of the court.

The principal question presented on this appeal relates to the appointment of the receiver. The appellants contend that the appointment was made in an action at law, and was therefore improper and illegal. It is evident from the record that this contention can not avail to disturb the judgment in this case. What may have been the character of the action in which the receiver was appointed, or whether the appointment, upon proper proceedings instituted at the proper time, could

Vol. 23 u—40

have been set aside as unwarranted, need not, under the circumstances disclosed, be determined. The record shows that the defendant company was insolvent and unable to meet its obligations, consented to the appointment, and was represented in court when the same was made; that thereafter, by consent of all the parties, that action was consolidated with a number of other suits which had been brought against the company, including the one in which the appellants were parties; that some of the actions so consolidated were purely equitable actions; that the corporate property was placed in the hands of such receiver, who, after the consolidation, represented, without objection, all the parties to the controversy; and that, no objection thereto appearing, the causes so united were tried under one title, as one action. So far as appears from the record, no objection was ever made to the appointment of the receiver, or to any of the proceedings until after decree and judgment. Under such circumstances as are shown in this record, the appellants can not now, after judgment, be heard to complain that the receiver was improperly appointed. Such an objection, to be of avail, must be made in apt time. An objector can not thus participate in proceedings to wind up the affairs of an insolvent concern, permit the receiver to manage and dispose of the corporate property under the direction of the court, without objection, and then, after final decree, when he has failed to secure all that he expected, question the appointment, and put in jeopardy the rights of others. The application for the appointment of a receiver is addressed to the sound discretion of the court, and any objection to the exercise of the discretion must be made at a proper time. As a general rule, such an appointment will be made on application therefor in any case where the interests of the parties appear to require it. Smith, Rec., secs. 22, 225, 228; 20 Am. and Eng. Enc. Law, 269-271; Battershall v. Davis, 31 Barb. 323; Crane v. McCoy, 1 Bond, 422, Fed. Cas. No. 3354; Verplank v.

Caines, 1 Johns. Ch. 57; Stevens v. Improvement Co., 14 Utah 232, 47 Pac. 81; Ex parte Walker, 25 Ala. 81; Cortelyeu v. Hathaway, 64 Am. Dec. 482; Palen v. Bushnell (Sup.), 13 N. Y. Supp. 785. We are clearly of the opinion that, under the facts and circumstances of this case, the appointment of the receiver can not be resorted to as a means to disturb the judgment. Nor do we think the court committed reversible error in the appointment of the referee, or in awarding compensation to the receiver, referee, and attorneys for their services. We find no reversible error in the record. The judgment is affirmed, with costs.

*Miner, C. J.*, and *Baskin, J.*, concur.