RECTOR, WARDENS, AND VESTRYMEN OF ST. STEPHEN'S CHURCH
OF CITY OF NEW YORK v. BASTINE et al.

(Supreme Court, Appellate Term. January 25, 1912.)

LANDLORD AND TENANT (§ 277*)—CONTRACT OF LEASE—RIGHT TO RE-ENTER—
EXERCISE OF OPTION.

　　Where a lease contained a clause to the effect that, on default of
performance of covenants or agreements therein, the relation should
cease and determine "at the option" of the landlord, the landlord is
merely given an option to re-enter, and though the tenant broke a covenant, and the landlord gave notice of his option to terminate, it is ineffectual for that purpose.

　　[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§
1169–1178; Dec. Dig. § 277.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Summary proceedings by the Rector, Wardens, and Vestrymen of St. Stephen's Church of the City of New York against Andrew J. Bastine and others. From a final order awarding possession of the premises to the landlord, the tenant appeals. Reversed, and proceedings dismissed.

Argued December term, 1911, before SEABURY, LEHMAN, and PAGE, JJ.

Stoddard & Mark (John M. Stoddard and Norman W. Chandler, of counsel), for appellant.

Arthur O. Townsend and Hamilton Rogers, for respondent.

LEHMAN, J. The landlord has obtained a final order in summary proceedings on the ground that the tenant is holding over after the termination of his lease. The sole question which we must decide is whether or not the lease had terminated before these proceedings were brought. It appears that the lease contained a clause as follows:

　　"If default be made in the performance of any of the covenants or agreements herein contained, the said hiring and the relation of landlord and tenant, *at the option* of the parties of the first part, shall wholly cease and determine."

For the purpose of this appeal we may assume that the tenant has broken one of the covenants of the lease and that the landlord gave notice of his option to terminate the lease. In the case of Beach v. Nixon, 9 N. Y. 35, a similar clause in a lease was construed, and the court held that where the lease did not provide for the absolute termination of the lease by the happening of the breach, but provided that it shall cease and determine at the option of the landlord, the lease did not contain a conditional limitation, but merely gave the

landlord a right to re-enter for condition broken, which he could exercise at his option. Until the landlord exercised his right to re-enter, the lease was not at an end. The authority of this case has never been questioned, but in subsequent cases the courts have pointed out that the rule had no application to leases which were to cease, not by breach of the condition at the option of the landlord, but by notice from the landlord given after a breach. See Janes v. Paddell, 67 Misc. Rep. 420, 122 N. Y. Supp. 760.

The landlord claims that his proof brings these proceedings within the rule of the later case, because he has given a notice of his option to terminate. With this contention I cannot agree. Under no construction of the lease has the landlord a right to terminate it by notice. The sole right which he has under the clause of the lease relied upon is to take advantage, at his option, of the breach of condition in order to re-enter. Until he has taken advantage of this breach, the lease is still in existence, and no notice from him that he will exercise a right to terminate it can be effective.

The final order must be reversed, with costs to appellant, and the proceedings dismissed, with costs. All concur.