(80 Misc. Rep. 639.)

FIFTY-FOURTH STREET REALTY CO. v. GOODMAN.

(Supreme Court, Appellate Term, First Department.   May 15, 1913.)

ELECTION OF REMEDIES (§ 12*)—RESORT TO INEFFECTIVE REMEDY—"ELECTION."

A landlord, who institutes a summary proceeding under Code Civ. Proc. § 2231, subd. 1, against a tenant as a hold-over, is not deprived by election of subsequently instituting summary proceedings under · subdivision 2 against the tenant for nonpayment of rent; the prior proceeding not being maintainable, and the doctrine of "election" being predicated on inconsistent remedies actually existing.

[Ed. Note.—For other cases, see Election of Remedies, Cent. Dig. § 15; Dec. Dig. § 12.*

For other definitions, see Words and Phrases, vol. 3, pp. 2329–2336; vol. 8, pp. 7647, 7648.]

Appeal from Municipal Court, Borough of Manhattan, Third District.

Summary proceedings by the Fifty-Fourth Street Realty Company, as landlord, to dispossess Fred F. Goodman, as tenant.   From an order dispossessing the tenant for nonpayment of rent under a written lease, he appeals.   Affirmed.

Argued May term, 1913, before LEHMAN, BIJUR, and WHITAKER, JJ.

Armin Kohn, of Flushing, for appellant.

W. B. & G. F. Chamberlain, of New York City, for respondent.

BIJUR, J.   The only point raised by appellant on this appeal is that, by reason of an "election" previously made, the landlord is barred from successfully prosecuting the present proceeding.   It appears that on February 4, 1913, the landlord served upon the tenant a notice that his lease was terminated for condition broken, namely, nonpayment of rent due February 1, 1913, and thereupon instituted summary proceedings, under subdivision 1 of section 2231 of the Code, against the tenant as a hold-over.   This proceeding the landlord shortly thereafter discontinued, no doubt because he found that it was not maintainable.   The lease provides that, in case of default in covenants, "said landlord may re-enter without notice by summary pro-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ceedings, or any other legal action or proceeding," etc.  It has been so frequently decided that such a clause establishes a condition, and not a limitation (see Matter of St. Stephen's Church Co. v. Bastine, 75 Misc. Rep. 470, 133 N. Y. Supp. 442), that the landlord evidently realized the fruitlessness of his notice, since no such notice was authorized in the lease, and abandoned the proceedings.

Appellant now makes the point that the landlord, having elected to treat the lease as terminated and the tenant as a hold-over, cannot hold him as a tenant and maintain summary proceedings against him for nonpayment of rent under subdivision 2 of section 2231.  The fallacy of this argument lies in regarding the action of the landlord in bringing the previous proceeding as an election.  In defining cases to which the application of the doctrine of election is confined, Gray, J., writing for a unanimous court in Henry v. Herrington, 193 N. Y. 218, 222, 86 N. E. 29, 30 (20 L. R. A. [N. S.] 249), said:

"The right to make an election *must actually exist;* and if it shall appear that it did not, then it is quite immaterial, in its bearing upon a subsequent action, that some previous action, looking to a remedy for the plaintiff's loss, had been brought."

Similarly, in Mills et al. v. Parkhurst, 126 N. Y. 89, 93, 26 N. E. 1041, 1042 (13 L. R. A. 472), the court says:

"The doctrine of election, usually predicated on inconsistent remedies, consists in holding the party, to whom several courses *were open* for obtaining relief, to his first election," etc.

In the case at bar it is quite evident that the course pursued by plaintiff was not "open" to him at all, and that the right to make an election did not "actually exist."  What he did was to take steps which were unjustified, and he therefore neither acquired nor lost rights when, finding that he was in error as to his position, he abandoned it.

The case of Janes v. Paddell, 74 Misc. Rep. 409, 132 N. Y. Supp. 379, to which appellant refers, has no application, because the decision there turned largely, if not exclusively, on the technical character of an action for ejectment.  The learned court there maintained that the institution of the action was equivalent to an actual re-entry, and therefore a termination of the relation of landlord and tenant.  Consequently, while the ejectment action was pending, no summary proceedings could be brought by the landlord, based on the continuance of the tenancy.  This conclusion would follow, whether the case be regarded as one of strict "election," as defined in Terry v. Munger, 121 N. Y. 161, 24 N. E. 272, 8 L. R. A. 216, 18 Am. St. Rep. 803, and Mills v. Parkhurst, supra, or as one of estoppel, because of the inconsistent position taken in litigation, as explained in Davis v. Wakelee, 156 U. S. 680, 15 Sup. Ct. 555, 39 L. Ed. 578.  See, also, to the effect that an undetermined summary proceeding does not abrogate the tenancy, Ackley v. Westervelt, 86 N. Y. 448, 453.

There is some reference by appellant to a tender made by the tenant of the February rent; but as the tenant affirmatively declined to keep the tender good at the trial, the point is not pressed.  See Stover v. Chasse, 9 Misc. Rep. 45, 29 N. Y. Supp. 291.

Final order affirmed, with costs.  All concur.