OPINION OF THE COURT
Norman R. Roskin, J.
The respondent and third-party petitioner moves this court, by order to show cause, for an order to dismiss the within summary proceeding for failing to state a cause of action. The third-party respondent joins in said application.
The first ground being that petitioner is bound by the third-party respondent Department of Social Services’ administrative ruling to withhold the rent under section 143-b of the Social Services Law (Spiegel Act) in that petitioner failed to request an administrative or judicial review of said administrative determination.
*433 The issue is moot, because third-party respondent states said rent has been paid. However, in a companion case, “Levesque v Pecora”, the court held that the landlord could maintain a summary proceeding and is not required to have administrative or judicial review of the third-party respondent’s administrative ruling to withhold the rent, pursuant to section 143-b of the Social Services Law. Therefore, the application on that ground is denied.
However, as to the issue of petitioner’s application for eviction on the ground that respondent is an undesirable tenant an issue arises as to whether this can be brought against a tenant who is under an oral month-to-month rental agreement. The petition herein alleges that respondent is an oral month-to-month tenant.
In the court’s opinion, such a proceeding is made, pursuant to subdivision 1 of section 711 of the Real Property Actions and Proceedings Law. This specifically provides for the termination of the term fixed in the lease, “pursuant to a provision contained therein giving the landlord the right to terminate the time fixed for occupancy under such agreement if he deemed the tenant objectionable”.
Obviously, there is no such provision in an oral month-to-month tenancy. The only covenants implied in an oral lease on the part of the tenant is to pay the rent reserved. (Van Walderveen v Martin, 195 Misc 91.)
Subdivision 1 of section 711 of the Real Property Actions and Proceedings Law, in the court’s opinion, is dependent on a covenant in a written lease providing for the right to terminate the lease by the landlord, based on objectionable conduct of the tenant. In the court’s opinion, the term used in the petition, “undesirable tenant,” is tantamount to “objectionable” as provided in subdivision 1 of section 711 of the Real Property Actions and Proceedings Law. (Valley Cts. v Newton, 47 Misc 2d 1028; Matter of Kaufman v Hammer, 49 Misc 2d 773.)
In both of the foregoing citations, there was a written lease with a provision for the termination of the lease on the tenant being deemed objectionable. Furthermore, there was notice of termination in each of these cases.
Accordingly, in the court’s opinion the within summary proceeding, setting forth the grounds of the tenant *434 being undesirable or objectionable, is not applicable to an oral tenancy, inasmuch as there is no covenant or condition to terminate the lease for objectionable conduct. The only termination of an oral tenancy under those circumstances is by service of a 30-day notice, pursuant to section 232-b of the Real Property Law. (See Rasch, NY Landlord & Tenant [2d ed], § 1061.)
The court also holds that petitioner cannot bring a nonpayment proceeding pursuant to subdivision 2 of section 711 and a simultaneous proceeding, pursuant to subdivision 1 of section 711 of the Real Property Actions and Proceedings Law, on the grounds of obj actionability or undesirability. These are mutually exclusive remedies. One acknowledges the tenancy and the other has terminated the tenancy. Therefore, the second cause of action must be dismissed on that ground.
Furthermore, the petitioner has not alleged that service of notice of termination was served on the tenant nor is there proof attached that same was served.
Accordingly, the court lacks jurisdiction of the notice and petition in the within proceeding of the grounds set forth therein “undesirable tenant,” inasmuch as there is no statutory authority for termination of an oral tenancy on said grounds. Furthermore, there are no allegations of service of notice to terminate nor proof of same, which is a prerequisite to bringing this type of proceeding.
In view of the letter dated June 2,1980 from the attorney for the third-party respondent and considering petitioner’s affidavit the rent apparently has been paid. Therefore, there is no issue as to that part of the summary proceeding and the first cause of action is dismissed.
As to the second cause of action, the allegation that respondent is an undesirable tenant, that part of the notice and petition must be dismissed for reasons set forth herein. Therefore, it is the decision of the court that the matter be dismissed, without costs.