*387 OPINION OF THE COURT
Richard S. Lane, J.
Herein is raised, in an apparently novel setting, the issue of election of remedies between a nonpayment and a holdover summary proceeding.
Tenant first entered into possession of the 14th floor loft at 36 West 25th Street in late 1979 under a sublease, and continued in possession under a lease dated April 24, 1980 for a term expiring January 31, 1985. An initial holdover proceeding in 1985 was dismissed by Judge Silberman upon a finding that an exchange of correspondence in December 1983 and January 1984 constituted an extension of the lease through January 31, 1988. Subsequently, a nonpayment proceeding was commenced. While the nonpayment proceeding was pending, landlord served a notice to cure and a notice to terminate and brought on this holdover proceeding. While this holdover proceeding was pending, landlord prosecuted the nonpayment proceeding to final judgment dated May 15, 1986 for possession and $34,708.30 in rents.
The legal issue of election of remedies need be reached only if landlord factually establishes a breach of a substantial obligation of the tenancy. Accordingly, let me face the fact issues first.
The notice to cure recites the following alleged breaches:
(a) Residential use of the premises;
(b) Subletting to or permitting occupancy of the premises by the undertenants;
(c) Causing violations to be placed against the premises;
(d) Refusal to allow landlord access; and
(e) Performance of subdivision work and installation of appliances without appropriate governmental permits.
With respect to (a) and (b), I find that occupancy by the various undertenants for combined commercial and residential purposes has existed since early 1980 prior to lease between the parties. I find also that from the beginning it existed with the full knowledge and consent of landlord’s previous managing agents. Landlord argues that, at least as to residential use, Judge Fingerhood reached a contrary determination in her opinion in the nonpayment proceeding which is law of the case or, perhaps more accurately, res judicata. I believe landlord has misread Judge Fingerhood. She allowed that there was some residential use but not the quantum necessary for *388 applicability of the Loft Law. I do not know to what extent that question was before her. It is an interesting one— whether the required three or more independent units may be subdivisions of the same space sharing some facilities in common — and is, I understand, presently pending before the Loft Board. It certainly, however, has not been raised before me.
With respect to (c) and (e), I find that all of the subdivision work and installation of appliances to facilitate residential use was completed by early 1980 prior to the lease between the parties and with the full knowledge and consent of landlord’s previous managing agents. Concededly, no plans were filed and no permits obtained for the work. Concededly also, inspectors from the Department of Buildings, visiting the premises on invitation from the landlord, have placed violations therefor.
Finally, with respect to (d), I find that there has been no denial of access to landlord. Concededly, the door has been locked when undertenants were not present and they have not responded to sporadic letters of inquiry out of the not unrealistic fear that landlord intended to tear out the improvements! There has, however, not been any refusal to be present and permit access at a specific time upon reasonable notice.
Nothing in the violations issued suggests that the work in the premises was illegal or inadequately performed in any manner. The trouble is merely that it was done without proper applications and permits so that the plans on file with the Department of Buildings do not correspond with what is actually there. The remedy articulated in the violations is the filing of proper plans nunc pro tunc.
Clearly, pursuant to paragraph (6) of the lease, the obligation to cure the violations rests upon tenant and through it upon undertenants. That tenant took the premises "as is” pursuant to paragraph (20) of the lease is not to the contrary as argued by undertenant Herbst. Indeed, it rather reenforces the conclusion. To the extent that landlord’s initial offer by letter to hire an architect and engineer in connection with the violations implies a promise to take care of the problem, it would be a promise without consideration and unenforceable.
Failure to cure the violations is, I conclude, a breach of a substantial obligation of the tenancy. And so, on to the legal issue!
Counsel have cited no authority directly in point, and I have found none.
*389 A nonpayment proceeding and a holdover proceeding are mutually exclusive remedies. The former acknowledges the continuation of the tenancy and seeks to enforce its terms. The latter requires a prior termination of the tenancy. Indeed, the very designation "holdover” is nothing more than a short-form statement for continuation in possession after termination.
The mere commencement of a nonpayment proceeding after termination and during pendency of a holdover proceeding has been held to reaffirm the tenancy requiring the dismissal of the holdover (McCoack v Geidel, NYLJ, Nov. 22, 1978, p 15, col 1 [App Term 2d Dept]; Ansonia Assoc. v Pearlstein, 122 Misc 2d 566; see, 54th St. Realty Co. v Goodman, 80 Misc 639 [App Term 1st Dept]; see, Levesque v Sharpe, 106 Misc 2d 432, 434). If mere commencement of a nonpayment proceeding is thus fatal to a pending holdover, prosecution to judgment of even a preexisting nonpayment proceeding should be a fortiori.
Lewyt-Patchogue Co. v Cantor (82 AD2d 911), cited by petitioner, is not to the contrary. In that case, a landlord, having received judgment in a holdover proceeding for breach of lease because of nonpayment of rent, was allowed to pursue a second action for rent subsequently accruing. The issue mooted was not election of remedies but rather splitting a cause of action.
In light of the new learning contained in Jefpaul Garage Corp. v Presbyterian Hosp. (61 NY2d 442), this decision does not mean that the breach of lease here has been waived. It means only that the notice to cure and notice of termination upon which this proceeding is based have been vitiated. It would behoove tenant and undertenants to busy themselves immediately in curing the violations against an anticipated renewed effort by landlord to evict them.
Respondents may have judgment dismissing the proceeding, with costs.