(8 Misc. Rep. 3.)

## GRIFFITHS v. NEW JERSEY & N. Y. R. CO.

(Superior Court of New York City, General Term. April 2, 1894.)

MASTER AND SERVANT—DEFECTIVE APPLIANCES.

The owner of a building is not liable for injuries to one of the workmen employed thereon, caused by the breaking of the joist, in consequence of an obvious defect therein, where the person injured was an experienced carpenter, and assisted in placing the defective joist. 25 N. Y. Supp. 812, affirmed.

Appeal from jury term.

Action by Miles E. Griffiths against the New Jersey & New York Railroad Company for personal injuries. From a judgment entered on an order dismissing the complaint, and from an order denying a motion for a new trial on the judge's minutes (25 N. Y. Supp. 812), plaintiff appeals. Affirmed.

The defendants were building a station house, to be made of wood. The plaintiff was a carpenter. He was hired by the master mechanic. He went to the building, and was placed under the order of one Horn, who was the foreman of the working men there. Horn worked as a carpenter when not engaged as foreman. Besides Horn there were three journeymen upon the work. Materials from which to make tiebeams were sent to the building. Horn and another workman cut and fitted this material. The plaintiff assisted in placing these tiebeams at about the height of a proposed ceiling above the floor. Then, across these beams, boards were stretched, to be used as a staging on which to work. Four workmen, the plaintiff among them, went and worked upon the staging. For some purpose the men came close together, and one of the tiebeams broke, letting the staging fall. The beam that broke was weak, by reason of a large knot in it. The plaintiff fell to the cellar, and suffered great damage. The complaint was dismissed on trial.

Argued before SEDGWICK, C. J., and GILDERSLEEVE and DUGRO, JJ.

Ewing & Whitman, for appellant.
George Holmes, for respondent.

SEDGWICK, C. J. The accident was caused by the giving away of the tiebeam. There was no evidence to go to the jury that the staging fell because the tiebeams were too far apart. The first position, only, will be examined. The plaintiff's learned counsel argues that the defendants were negligent in failing to make an in-

spection of the material, that would discover the unsound condition of the tiebeam that broke, and that, on the particular occasion, Horn was their substitute, and his negligence was theirs. I do not agree with the proposition. The result would be that an employer would fail in duty if he did not use ordinary diligence in causing material on which carpenters employed by him were to work to be free from dangerous objects. Observe, on the other hand, from the plaintiff's testimony, his own relation to the possibility of such defects, and his intelligence on the subject. He was 52 years of age, and had been a carpenter for 20 years. After he went on the work, he and his fellows got the frame up, and the plate and the studding, and began to do the sheathing. He helped put the tiebeams in position. After the accident, and before he could be removed from the place he had fallen, he looked up, and saw that there was a knot in the beam, and made up his mind that "that was what had caused the accident." "Mr. Horn was working at the same time with us. He, with some other man, framed these tiebeams, and measured them off, and cut the ends off so they would fit, while they were down on the ground." Once Mr. Horn asked his opinion as to a variation between the elevation and the ground plan. He had been a carpenter for 25 years. "Q. How do you tell whether a piece of timber is good or not when you put it in a building? A. You look at it, and, if you see any knot in it. you condemn it." That is, by an inspection of the timber, a man is told to take it out. He had that experience "that he could have taken those plans, and gone and done that work just the same as Horn did." He had worked on frame buildings of almost all descriptions. Mr. Horn was one of the carpenters, as well as director or foreman of the work. Common knowledge, as well as the probabilities of conducting such work, in connection with the testimony given, showed that it was not negligence to send the imperfect beam to the building for use on the work. The burden of proof was upon the plaintiff. It appeared that it was an ordinary thing for carpenters to reject imperfect material. This tiebeam was handled by Horn, as well as by one Schwack. Neither saw the defect, but it appeared that, by using ordinary care, they might have seen it. If this was negligence in using the beam, it was the negligence of a fellow servant, for which the defendant is not responsible. Against this, it is claimed that the negligence was that of Horn only, and that he was in the place of his employers, the defendants. Without examining the legal position, if the fact was that he was only foreman, it must be said that he was also carpenter, as the case fully shows. In doing what he did in respect of the tiebeams he was as much a fellow servant of the plaintiff as if the doing of it had fallen on Schwack or Wood. I am therefore of the opinion that the judgment and order denying a motion for a new trial should be affirmed. Judgment affirmed, with costs. All concur.