(15 Misc. Rep. 293.)

### FOLINSBEE v. SAWYER.

(Superior Court of Buffalo, General Term. December 23, 1895.)

1. REAL-ESTATE BROKERS—COMPENSATION.
   Where the minds of vendor and purchaser have met on a contract to sell real estate, the broker who procured the execution of such contract is entitled to recover his promised commission, whether or not the contract is finally consummated, and notwithstanding any vagueness in its terms.

2. SAME—BURDEN OF PROOF.
   Where plaintiff in an action to recover commissions for procuring a purchaser for real estate proves the execution of a contract of purchase, which defendant claims was signed conditionally, the burden of proving such defense is on defendant.

Action by Harrison D. Folinsbee against George P. Sawyer to recover commissions for procuring the execution of a contract for the purchase of real estate. There was a verdict for plaintiff, and defendant moves for new trial on exceptions ordered to be heard at general term in the first instance. Denied.

Argued before TITUS, C. J., and HATCH, J.

Norris Morey, for plaintiff.
Ansley Wilcox, for defendant.

HATCH, J. The action is brought to recover commissions for procuring the execution of a contract for the purchase of real estate. When this case was before this court on an appeal from the judg-

ment, we said, respecting the obligation resting upon plaintiff to entitle him to recover:

"The minds must meet upon the contract to sell and the terms upon which it is made. When this is accomplished, it matters not what those terms are, or whether carried out or not, or whether the failure to finally consummate it is due to the act of the vendor or vendee, for the broker has then fulfilled all that his contract of employment called for. * * * It is not of the es- sence of the contract that the agreement of sale should be valid and en- forceable. It may be verbal or written, plain or obscure in its terms, loaded with conditions or free from any; it may raise a complete barrier to its ful- fillment, if objection to some of its provisions be made; but all are unavailing to defeat the broker's right, he acting in good faith, if the parties have, with full knowledge, met upon a common ground, and accepted what is offered as expressive of their minds. This point was objective when the broker started, and, having reached it, nothing more remained for him to do; and with all difficulties which thereafter arise out of the meeting of the minds of the principals he has nothing to do,—is affected thereby no more than an unin- terested third party, as far as his legal relations thereto are concerned." 28 N. Y. Supp. 698.

And this must now be considered the law for the disposition of this motion. The present disagreement of counsel, like their former attitude, relates mostly to a question of evidence. Upon the former trial the evidence tended to establish that the contract as agreed was conditionally signed in two specified particulars: First, that there was reserved the right of withdrawal by Weill, in which event there was to be no contract whatever; second, if Weill did not exercise the right of withdrawal, then a contract was to be prepared which should constitute the agreement of the parties. As bearing upon the latter proposition, and in connection with Weill's testimony, the court submitted the contract as evidence, and we held such ruling proper. There was nothing in this ruling which authorized the inference that, if the parties deliberately adopted the option contract as constituting their agreement, it was not binding upon them, even though it was indefinite, and incapable of inference, or did not pro- vide for all details, or provided that details should be thereafter set- tled; and this, for the reason that it was competent for the parties to so contract, and that was all that plaintiff had contracted to bring about. In fact the contract provided that the details should be set- tled, not by any different arrangement, but in conformity with the agreement. The present record eliminates the second of these propositions, and presents as the sole question the reserved right of Weill to withdraw. That question was properly submitted to the jury, and the jury, by their verdict, have found that Weill reserved no such right, but that in fact he signed and delivered the contract as expressive of the terms upon which he agreed to purchase. The other parties having also signed and delivered without reservation, the instrument then constituted their agreement, in consequence of which there was no question relating to the contract for submission to the jury, but the effect of such act was left as a question of law, and we find no error in the rule adopted by the court. It is true that Weill testified that the contract was not binding, and was too indefinite and vague. But his statement that it was not binding cannot avail when it was signed and delivered by him; nor does the fact that it was indefinite and vague relieve from whatever effect it

had.    This testimony furnishes reasons why he ought not to have signed, but it is not effective to destroy the effect of what he did.    We are therefore of opinion that the rulings and submission of the trial court in this respect were correct.

The exception to the charge that the defendant held the affirmative of the question of Weill's conditional signing is unavailing.    The court correctly charged the jury, in effect, that plaintiff was required to satisfy them by a fair preponderance of evidence that he had procured a purchaser.    This left with the plaintiff the burden of proof to establish his cause of action, and, having proved the contract, defendant would be cast in judgment unless he answered it.    The burden of proof was not shifted, but, as defendant claimed the execution of the contract was conditional, he was required to establish it by a fair preponderance of proof.    Fairly construed, this is the effect of the court's charge.    Heilman v. Lazarus, 90 N. Y. 672; Trust Co. v. Siefke, 144 N. Y. 354, 39 N. E. 358.

No error being found, the exceptions are overruled, and the motion for a new trial denied, with costs.