## ROSENBERG v. SMITH.

(Supreme Court, Appellate Term. January 23, 1899.)

BROKERS—COMPENSATION.

Where a broker, pursuant to a contract to obtain a purchaser of a lease, secures a person who agrees to take the lease, he is entitled to his commission, although the proposed sale is not consummated through refusal of purchaser to take such lease.

Appeal from municipal court, borough of Manhattan, Fourth district.

Action by Reuben Rosenberg against Andrew J. Smith to recover certain brokers' commissions. From a judgment for defendant, plaintiff appeals. Reversed.

Argued before BEEKMAN, P. J., and GILDERSLEEVE and GIEGERICH, JJ.

Louis H. Levin, for appellant.
William J. Underwood, for respondent.

PER CURIAM. The action is for brokers' commissions. The defendant held a lease of No. 288 Madison street, in the city, and employed plaintiff's assignors to procure a purchaser of the same. Said assignors procured one Levy, who agreed to buy the lease; but, when the parties met to deliver the assignment of the lease and complete the sale, the said Levy declined to take it, on the ground that the lease contained certain covenants which did not suit him. There is no dispute that the objections raised by Levy appeared upon the face of the lease, and were known to him, or should have been so, at the time he agreed to make the purchase, as he had every opportunity to read the lease. Defendant's evidence tends to show that the lease was read to him by his lawyer, and explained to him, before the agreement to purchase was made by him; but as to this there is some conflict of testimony. There is ample evidence to sustain a finding that defendant was ready and willing to carry out the agreement, as entered into between him and Levy, but that Levy backed out, and refused to consummate the purchase. Mr. Underwood testifies as follows, viz.: "I represented Smith, the defendant, at the office of Levin, the place where the contract was to be closed, and tendered a duly executed and acknowledged assignment of lease, and also tendered the lease. I tendered the consent of the owners of the property, which was acquired by lease, and did everything that the contract required to be fulfilled on Smith's part. * * * There was objection taken (by Levy) to the lease, at that time, because, as counsel stated, it did not covenant against nuisances; that is all. They did not take the lease. It has never been taken." The contract itself, between defendant and Levy, although apparently marked in evidence as "Plaintiff's Exhibit 1," has not been annexed to the record. The defendant claims that, inasmuch as the proposed sale was never consummated, through no fault of defendant, the plaintiff's assignors did not perform their duty of procuring a purchaser able,

willing, and ready to buy, upon the terms specified in the contract of employment, and that they are not, therefore, entitled to their commissions. The plaintiff, on the other hand, maintains that, having procured a proposed purchaser, who was accepted by the defendant, and with whom the defendant entered into a contract for the sale of the lease, the brokers were entitled to their commissions, whether the contract was carried into effect or not. Although we have but the contract between defendant and Levy for the purchase of the lease before us, there seems to be no question but that the parties mutually agreed upon the terms upon which the sale was to be made, and executed a written contract embodying the same. Subsequently, as we have seen, one of the parties backed down, and declined to carry the agreement into effect, and consummate the purchase. In the case of Folinsbee v. Sawyer (Super. Buff.) 36 N. Y. Supp. 405, the court (Hatch, J.) used the following words, viz.:

"The minds must meet upon the contract to sell, and the terms upon which it is made. When this is accomplished, it matters not what those terms are, or whether the failure to finally consummate it is due to the act of the vendor or vendee; for the broker has then fulfilled all that his contract of employment called for. It is not of the essence of the contract that the agreement of sale should be valid and enforceable. It may be verbal or written, plain or obscure in its terms, loaded with conditions or free from any. It may raise a complete barrier to its fulfillment, if objection to some of its provisions be made. But all are unavailing to defeat the broker's right, he acting in good faith, if the parties have, with full knowledge, met upon a common ground, and accepted what is offered as expressive of their minds. This point was objective when the broker started, and, having reached it, nothing more remained for him to do; and with all difficulties which thereafter arise out of the meeting of the minds of the principals he has nothing to do,—is affected thereby no more than an uninterested third party, as far as his legal relations thereto are concerned."

In his brief, the attorney for the defendant claims that Levy was not a bona fide purchaser, and not a person able to fulfill any contract of sale, and was a mere "dummy." But there is no evidence of this presented in the record, and defendant appears to have accepted him as a purchaser, since he entered into a contract with him for the sale of the lease. Nor is there any evidence to substantiate defendant's counsel's claim that the agreement of employment provided that no commission should be paid until the lease was actually paid for by the purchaser. Neither the defendant nor any of his witnesses appear to have made this claim, so far as the testimony attached to the record shows. We are of opinion that a new trial should be ordered, when it is to be hoped that both parties will present fuller and more satisfactory proof upon the questions in issue.

Judgment reversed, and a new trial ordered, with costs to appellant to abide the event.