Moses Heilman, Respondent, *v.* Isaac Lazarus, Appellant.

(Argued November 20, 1882 ; decided November 28, 1882.)

This was an action of ejectment.

Plaintiff claimed the right of possession under an instrument which purported to be a lease of the premises for two years at a specified rent. It also contained this clause, " The party of the first part agrees to sell to the party of the second part, and the party of the second part agrees to buy from the party of the first part the house and lot herein leased, for the sum of $8,000 lawful money of the United States, as per special agreement signed in the same time with this lease. A sale of the property voids the lease, and can be effected any time during the term of the lease upon two months previous notice given to the party of the first part by the party of the second part of his intention to effect the sale." It was claimed by defendant that the contract was incomplete and indefinite. Plaintiff claimed that the " special agreement " referred to was not a separate and distinct contract, and testified as a witness that no other paper was executed at the same time, and no other was presented or shown to him, in which he was corroborated by two witnesses. Defendant called the lessor as a witness, who testified that another paper giving the details and conditions of the contract of purchase was prepared and presented at the execution of the lease; that plaintiff declined to sign it until he had consulted an attorney, and afterward refused to sign.

The points raised appear in the following extract from the opinion :

" The evidence having closed, the court charged as matter of law that the agreement signed was of a character sufficient, '*if perfected*' to be valid and effectual ; but whether or not a complete and perfected agreement was in truth made was a question of fact for the jury. Apparently the learned counsel for the defendant meant to except to the proposition of law laid down by the court. If he had done so the exception would have been unavailing, for it is certainly true that the in-

strument on its face contained every necessary element of a complete and perfect contract. But the exception was inaccurate. It was taken to so much of the charge ' as states that the lease produced by the plaintiff is a complete and executed instrument as appears upon its face.' The learned judge nowhere spoke of it as ' complete and executed.' He described it as complete on its face and ' signed,' but whether ' executed ' as a complete and perfected contract, was precisely the question submitted to the jury.

" In the progress of the charge the court stated to the jury the evidence given on the part of the defendant tending to show that a separate special agreement was prepared, presented for execution and refused, and said ' if but one of these papers was executed, and under this understanding as detailed by Mr. Ramsperger, the other for any reason whatever was left unexecuted, the two papers together making the agreement, there would have been no complete agreement between the parties as to these premises.' The learned judge, however, further said adverting to defendant's version of the facts, ' it is needful for the defendant to establish this defense to your satisfaction, because the plaintiff produces a lease which is in form complete and signed by the parties.' It is claimed that this proposition was erroneous, and was reached by defendant's exception ' to that part of the charge which says that the burden of proof is on the defendant to impeach the lease.' Nothing is said in the charge as to the burden of proof, or about impeaching the lease. The issue as to which the burden of proof was on the plaintiff was that of title, of right to the possession of the land, and that burden remained with him to the end. But the court was not speaking of that, nor of the burden of proof in connection with it. Attention was being directed to a conflict of evidence upon a question of fact arising under the main issue ; and the language used can fairly be said to mean no more than that the plaintiff having made out a *prima facie* case, the defendant must give some evidence to rebut it which the jury believe, or the *prima facie* case must prevail. In such cases it is sometimes and perhaps inaccurately said that the burden of proof is shifted. In *Heinemann* v. *Heard* (62 N. Y. 455), it was observed that by such expression is only meant

' that there is a necessity of evidence to answer the *prima facie* case, or it will prevail.' And the same thing was said in *Lamb* v. *C. & A. R. R. & T. Co.* (46 N. Y. 279 ; 7 Am. Rep. 327). Substantially that, and no more than that, was the evident meaning of the court in the present case, and we do not think it was intended, or can be fairly construed to mean that the burden of the issue tendered by the complaint was upon the defendant. On the contrary we think its fair construction is that the burden of proof was on plaintiff, that he had borne it so far as to have made out a *prima facie* case, and that must prevail unless the defendant gave some evidence tending to rebut it, which the jury could believe. The language of the charge might possibly bear a stronger construction, but even then could not be justly said to have related to the burden of proof upon the issue of title. We do not think the jury were in any manner misled.

But the defendant also appeals from the order which gave to the plaintiff an extra allowance of $75. The subject-matter involved was the right of possession of the property for two years subject to the rent reserved. 'Whether that right had any money value was not shown. If the plaintiff succeeded he gained in money value only what the right of possession was worth over and above the rent which burdened it. If he lost, that, and that only was the measure of his loss. No basis, therefore, existed for the computation of an extra allowance, and the order should be reversed. (*People* v. *A. & S. R. R. Co.*, 5 Lans. 25 ; *Coates* v. *Goddard*, 2 J. & S. 118.) The order, therefore, cannot be sustained and must be reversed, but the judgment should be affirmed."

*Lewis Sanders* for appellant.

*George F. Langbein* for respondent.

FINCH, J., reads for affirmance of judgment and for reversal of order.

All concur, except TRACY, J., absent.

Judgment affirmed and order reversed.