### H. KOEHLER & Co., Respondent, *v.* JAMES W. BRADY, Appellant.

Where a lease provided for a forfeiture thereof for non-payment of rent and for re-entry by the landlord, and the latter, upon such default, had taken possession, and an action had been brought by the assignee of the tenant for the redemption of the lease from the forfeiture, *held,* that a preliminary injunction restraining the defendant from removing from the premises the personal property placed therein by the tenant was improperly granted; that as defendant was in the actual possession, claiming to be rightfully in possession as owner, he could not be removed therefrom by plaintiff except by the successful termination of the action, the sole effect of the injunction, if sustained, would be to secure storage of the property during the pendency of the action, and such an injunction was not proper.

*Koehler & Co.* v. *Brady* (78 Hun, 443), reversed.

(Argued November 26, 1894; decided December 11, 1894.)

APPEAL from order of the General Term of the Supreme Court in the first judicial department, entered upon an order made the first Monday of May, 1894, which reversed an order of Special Term denying a motion by plaintiff for a temporary injunction and granted such motion.

The nature of the action and the material facts, so far as material, are stated in the opinion.

*Wm. E. Wyatt* for appellant. The appeal from the order will lie to this court on the ground of the insufficiency of the complaint. The temporary injunction was unauthorized, and the granting of it was an error of . law and reviewable here. (*McHenry* v. *Jewett,* 90 N. Y. 58; *Selchow* v. *Baker,* 93 id. 59.) The complaint does not set out facts entitling plaintiff to the relief it seeks, in that it fails to show that plaintiff is in possession or is entitled to possession. (*Pursell* v. *N. Y. L. Ins. T. Co.,* 10 J. & S. 383; *Crawford* v. *Waters,* 46 How. Pr. 210.) The complaint also fails to show that the plaintiff had such title to the chattels as would authorize the granting of the relief asked for. (*Ely* v. *Carnby,* 19 N. Y. 496.) Plaintiff cannot claim the relief sought under or by virtue of the lease, all rights thereunder having been forfeited. (*Bates* v. *Johnston,* 58 Hun, 528; *Hosford* v. *Ballard,* 39 id. 174; *Martin* v. *Rector,* 118 id. 476.) Defendant being in actual possession, either rightfully or wrongfully, is entitled until ouster to use and enjoy the premises as he pleases. (*Parsons* v. *Brown,* 15 Barb. 590; *Sage* v. *Harpending,* 49 id. 166–175; *Bristor* v. *Barr,* 66 N. Y. 427.) No case of irreparable damage is made out, and plaintiff, if wronged at all, has an adequate remedy at law. (*Loeser* v. *Liebman,* 39 N. Y. S. R. 12; *U. S. T. Co.* v. *Grant,* 137 N. Y. 7; *R., W. & O. R. R. Co.* v. *Smith,* 39 Hun, 332; 101 N. Y. 684; *D. & H. C. Co.* v. *Atkins,* 121 id. 246; *Moore* v. *B. C. R. R. Co.,* 108 id. 98.)

*Emanuel J. Myers* for respondent. The Court of Appeals will not review an order of the General Term resting in discretion, and an order granting or refusing an injunction order rests in the discretion of the court below. (*Cunard* v. *Francklyn,* 111 N. Y. 511; *Clyde* v. *Rogers,* 87 id. 625; 94 id. 541; *Stillwell* v. *Priest,* 85 id. 649; *Glenny* v. *Stedwell,* 64 id. 120, 128; *Livermore* v. *Bainbridge,* 56 id. 72; *Howell* v.

*Mills,* 53 id. 322; *Mills* v. *Davis,* Id. 349; *Lawrence* v. *Far-
ley,* 73 id. 187; *Howitt* v. *Merrill,* 113 id. 630; *Finlay* v.
*Chapman,* 119 id. 404; *Jenkins* v. *Putnam,* 106 id. 272, 276;
*H. R. T. Co.* v. *W. T. Co.,* 121 id. 397; *Clark* v. *Lourie,* 82
id. 580; *People* v. *Boas,* 92 id. 561; *Cushman* v. *Brundrett,*
50 id. 296; *E. L. Ins. Co.* v. *Stevens,* 63 id. 341; *N. P. Bank*
v. *Whitmore,* 104 id. 297.)  The unexpired term of the lease
exceeding five years, H. Koehler & Co., as assignee, was enti-
tled to redeem from the judgment of dispossession rendered
in the summary proceedings upon payment of the rent and
charges due to the landlord.  (Code Civ. Pro. § 2256; *Zebley*
v. *F. L. & T. Co.,* 139 N. Y. 461; *Giles* v. *Austin,* 62 id.
486; *Noyes* v. *Anderson,* 124 id. 175.)  The defendant can
neither avail himself of a re-entry under the alleged forfeiture
for breach of the assignment clause, nor justify it under the
final order and warrant in the summary proceedings.  (*Connor*
v. *Bradley,* 1 How. [U. S.] 211, 217; *Van Rensselaer* v.
*Jewett,* 2 N. Y. 141, 147, 148; *Martin* v. *Rector,* 118 id. 476,
479, 480; *Conger* v. *Duryee,* 90 id. 599; Code Civ. Pro.
§§ 2235, 2238; *G., etc., Co.* v. *Settegast,* 79 Tex. 256.)  Upon
the defendant's arbitrary refusal to name the amount due and
accept the tender made, the plaintiff was entitled to restrain
the defendant from increasing the damages, and to an order
restoring plaintiff to possession.  (*Stevens* v. *Stevens,* 69 Hun,
332; *Elverson* v. *Vanderpoel,* 9 J. & S. 257; 69 N. Y.
610; *Dodds* v. *Hakes,* 114 id. 260; *Pumpelly* v. *Phelps,* 40
id. 60; *Wheelock* v. *Noonan,* 108 id. 185; *Tucker* v. *Howard,*
128 Mass. 361; *Baron* v. *Korn,* 127 N. Y. 224.)

EARL, J.  The defendant owned a building in the city of
New York, and in May, 1892, he leased a portion thereof to
Daniel J. Foley for a saloon.  Foley took possession of the
saloon and put certain personal property therein necessary for
his business as a saloon keeper, and in July, 1892, he assigned
his lease and conveyed his personal property to Jacob Wiss-
man, who took possession.  In October, 1892, he sold the
property and assigned the lease to James J. McGinn.  While

McGinn was in possession of the saloon he borrowed $1,800 of the plaintiff, and as security for the loan gave it a mortgage upon the personal property in the saloon, and assigned to it the lease. McGinn remained in possession of the saloon and the property, and afterward assigned the lease and sold the property to John E. McCabe. The lease provided for a forfeiture thereof for default in the payment of the rent reserved and for re-entry by the landlord in case of such default. After the sale and assignment to McCabe, for default in the payment of the rent, the defendant took possession of the saloon, the personal property being therein, and at the commencement of this action he was in possession of the saloon, claiming to have such possession as owner thereof. Thereafter he gave the plaintiff notice to remove the personal property from the saloon, and that if it did not do so, he would remove it. It then commenced this action.

The complaint is very imperfectly and unskillfully drawn, and from the allegations therein contained it is not easy to determine upon what theory the plaintiff claims to maintain this action, and precisely what relief it may be entitled to have awarded. I will, however, assume that the action is for the redemption of the lease from the forfeiture, and that the complaint is adequate to enable the plaintiff to have relief that the rent in arrears be determined, and that upon payment thereof the possession of the saloon be awarded to it.

At the commencement of the action the plaintiff obtained a preliminary injunction restraining the defendant from removing the personal property covered by its mortgage from the saloon. That injunction, upon the application of the defendant, was vacated at the Special Term, but upon appeal by the plaintiff to the General Term the order of the Special Term was reversed and the injunction restraining the defendant from removing the property from the saloon was re-instated; and this appeal is from the order of the General Term.

The defendant being in the actual possession of the saloon, and claiming to be rightfully in possession as owner, cannot be removed therefrom by the plaintiff, except by the suc-

cessful termination of this action in its favor; and the sole purpose of the injunction is to restrain him from removing the personal property from the saloon during the pendency of the action. During that time it cannot carry on the saloon or enjoy the good will thereof, or make any use whatever of the personal property contained therein. The sole purpose and effect of the injunction, if maintained, is to secure the storage of the personal property in the saloon during the pendency of the action. The following is a list of the personal property covered by the mortgage :

" One back and back bar with fixtures attached.

" One iron foot rail and hand rail attached.

" One ice box in store.

" One summer door.

" One six-pull ale pump and connections.

" All glassware and glasses.

" Four tables.

" Five chairs.

" One looking glass in back of store.

" Two brass beer taps and one mallet.

" One water closet and urinal.

" One clock.

" All demijohns, etc.

" And all other goods, chattels and fixtures on said premises not hereinbefore specifically mentioned, excepting stock in trade.".

There is no precedent for such an injunction. The defendant does not threaten to destroy or injure the personal property, or to sell, dispose of or secrete it. He has simply given the plaintiff notice to remove it, and that if it does not remove it he will do so. In pursuance of that notice it can go to the saloon and take its property and keep it, and in case of success in this action it can again place the same property in the saloon and enjoy it in connection with its lease. If it does not wish to take the property out of the saloon it can wait until the defendant removes it and then take it and care for it. If it does not choose to take the property it can leave

it, and if the defendant injures or destroys it, so far as we can see, there being no question as to the defendant's pecuniary ability, it would have a complete remedy at law for the value of the property or for injury thereto. The property is of such a character that it is manifest that it could be easily replaced if it were lost or destroyed, and in no aspect of the case does the plaintiff need the interference of a court of equity by an injunction for his protection.

We are, therefore, of opinion that the order of the General Term should be reversed and that of the Special Term affirmed, with costs in the Supreme Court and in this court.

All concur.

Ordered accordingly.