H. Koehler & Co., Respondent, v. James W. Brady, Appellant.—Judgment affirmed, with costs.— Appeal from a judgment in favor of plaintiff, entered upon a decision of the court after a trial at Special Term.—

WILLIAMS, J.: The action was brought by the assignee of a lease and the mortgagee of personal property, against the owner of the leased premises upon which the personal property was situated. The relief sought was to establish the plaintiff's rights in the premises under the lease, and to restrain the defendant from interfering with plaintiff's possession. The facts established at the trial were substantially as follows: The premises, being the store and warerooms on west side and front of cellar in house No. 228 East Forty-fifth street, New York city, were leased by the defendant to Daniel J. Foley, May 18, 1892, to be used and occupied only as a liquor store. The term was nine

years and eleven months, from June 1, 1892, and the rent was $360 per year, to be paid monthly in advance. It was agreed in the lease that in case of default in the payment of the rent, or any of the covenants of the lease, the lessor might re-enter and possess himself of the premises and that the lessee would not assign the lease or underlet the premises without the written consent of the lessor, under penalty of forfeiture of the lease. The lease was acknowledged and recorded in the register's office of New York city. Foley took possession of the premises under the lease, and put in the usual fixtures, bar and furniture used in his business. He remained in possession carrying on the business and paying the rent until about the 1st day of July, 1892, when he sold the personal property and assigned the lease to Jacob Wissman, and this assignment was recorded in the register's office of New York city. Wissman went into possession of the property at once, and carried on the business and paid the rent to, and the same was received by, defendant until October 29, 1892, when Wissman sold the personal property and assigned the lease to James McGinn, and this assignment was recorded in the register's office in New York city. McGinn at that time borrowed from the plaintiff $1,800 to make the purchase with, and as collateral security for the payment thereof gave plaintiff a chattel mortgage upon the personal property and an assignment of the lease. McGinn went into possession of the premises at once, and remained in possession and carried on the business and paid the rent to the defendant until about February 15, 1894. During this time, and October 7, 1893, the plaintiff sent defendant a letter which defendant received, wherein it was stated that the plaintiff was assignee of the lease of the premises then occupied by McGinn, and if McGinn failed to pay defendant the rent promptly on the first of every month, defendant should notify plaintiff and plaintiff would pay it. About February 15, 1894, McGinn sold the personal property to McCabe and surrendered possession of the premises to him. The defendant, about the 22d day of February, 1894, found McCabe in possession of the premises, and then assumed to lease them by parol to McCabe by the month from February 1, 1894, at thirty dollars per month payable in advance. Thereafter, and February 26, 1894, the February rent remaining unpaid, the defendant commenced proceedings to dispossess McCabe, and March 5, 1894, a warrant was issued by the court, and McCabe surrendered the premises to defendant under this warrant. On the 15th day of March, 1894, the plaintiff offered to pay the defendant any arrearages of rent under the Foley lease, but the defendant declined to give plaintiff any information as to whether there were any arrearages or the amount thereof. March 30, 1894, the defendant sent a letter to plaintiff asking plaintiff to come to the premises, and one of plaintiff's firm went and met the defendant. The defendant then said the rent for January, February and March, 1894, ninety dollars, was unpaid. The plaintiff thereupon tendered defendant the ninety dollars, and stated that plaintiff was tenant of the premises, and was ready and willing to pay the rent required by the lease to be paid, and any and all expenses defendant might have incurred by reason of the arrearages of rent. The defendant refused to accept the back rent and claimed to be the owner of the premises and business, offered plaintiff one hundred dollars for the personal property, and said if plaintiff did not take that, he would throw the property out of

the premises. The 31st day of March, 1894, was the first time that plaintiff knew the rent was in arrears. This action was commenced April 6, 1894. A preliminary injunction was obtained enjoining defendant from removing plaintiff's personal property from the premises. This injunction was vacated at Special Term. The General Term on appeal reinstated the injunction (78 Hun, 443). The Court of Appeals reversed the General Term, and vacated the injunction again (144 N. Y. 135), but merely on the ground that there was no necessity for such an injunction even if the plaintiff was entitled to the relief asked for in the action, and that the property could otherwise be preserved during the pendency of the action. The merits of the claim were not passed upon by the Court of Appeals at all. The General Term did, however, consider the merits, and the views expressed by that court led the trial court to make the decision and judgment appealed from here. We agree entirely with the views expressed by the General Term, and it is unnecessary to add anything to the discussion there had of the rights of the parties. The court erred in granting the extra allowance of one hundred dollars in the decision as made. There was no proof given of the value of the subject-matter involved in the action, the lease, which could be made the basis for computing such allowance. (*Heilman* v. *Lazarus*, 90 N. Y. 672.) The judgment, however, does not show that the costs included such allowance, and there was no order granting it, aside from the clause in the decision. There is no basis, therefore, for a modification of the judgment in that respect. The judgment appealed from is right and should be affirmed, with costs. Van Brunt, P. J., Patterson and O'Brien, JJ., concurred; Ingraham, J., dissented.

INGRAHAM, J. (dissenting): The difficulty attending the decision of this case, and the uncertainty as to the right of the plaintiff to recover, and as to just what relief it was entitled to, appears to have been caused by the manner in which the complaint was framed, as nobody yet appears to have been satisfied as to just the theory upon which the plaintiff asks for any relief. The facts alleged are, that the defendant, being the owner of certain property which he had leased, and upon which lease this plaintiff had a lien, obtained possession of the property and refused to recognize the plaintiff's right to possession as mortgagee of the lease. In this condition the plaintiff asks a court of equity to interfere by a mandatory injunction to put it into possession of the premises of which it never had possession, the right to the possession of which depends upon a mortgage upon a lease which has never been foreclosed, thus allowing an action in equity to be commenced to recover the possession of real estate, instead of leaving the plaintiff to its action of ejectment. No case is cited by which a court of equity has ever thus interfered to put a person in possession of real property. When a lessee, or one claiming the right to occupy that relation, is in possession of property, courts of equity have interfered to prevent that possession from being disturbed, either by the landlord or any other person; but this plaintiff never was in possession; never demanded possession of the property from the mortgagor, and, so far as appears, never demanded possession of the property until the landlord had resumed possession. I know of no proceedings that can, by the use of a mandatory injunction, thus take the place of an action of ejectment, to recover the possession of real property by one who

is out of possession, and who has never had such possession. I do not understand that either the decision of the late General Term or of the Court of Appeals has held that such an action can be maintained. It is evident from the opinion delivered at the General Term that the court was extremely doubtful as to the nature of the action; and certainly the views expressed by the Court of Appeals upon this complaint do not tend to remove that doubt. If this defendant refused to recognize the plaintiff as his tenant and refused to give it the possession of the leased premises, the plaintiff had either its action of ejectment to recover the possession of the premises or its action against the landlord for damages. It does not seem to me that in addition it could get possession of the property through means of a mandatory injunction. I think, therefore, that there was no cause of action either alleged or proved in equity, and that the complaint should have been dismissed.

The London Assurance Corporation, Appellant, v. Walter Selvage, Respondent.—Judgment reversed, without costs, and judgment ordered for plaintiff as directed in opinion.—Appeal from judgment entered upon report of a referee.—