KOEHLER et al. v. BRADY.

(Supreme Court, Appellate Division, First Department. November 12, 1897.)

1. EQUITABLE JURISDICTION.
   Defendant, the owner of certain premises, leased them with a covenant against assignment, but he recognized several successive assignees as his tenants, and finally one of them, to secure money borrowed, mortgaged to plaintiff personal property, and assigned the lease. Plaintiff did not actually enter, but notified defendant of his rights, and requested notice of any default in payment of rent. Subsequently there was a default by a tenant in possession under plaintiff's assignor, whose removal defendant at once secured in summary proceedings, the unexpired balance of the term then exceeding five years; but plaintiff was not notified for three months, when he at once made a full tender, which defendant refused. *Held*, that plaintiff might maintain an action in equity to establish his rights.

2. COSTS—EXTRA ALLOWANCE.
   Where the subject-matter involved is the right of possession of property for a term of years subject to the rent reserved, and no proof is given of the money value of that right, no basis exists for the computation of an extra allowance.

3. REVIEW OF EXTRA ALLOWANCE.
   Though a decision grants an extra allowance for which there is no basis, if the judgment does not show that the costs include such allowance, and there is no order granting it, there is no basis for modifying the judgment in that respect.

   Ingraham, J., dissenting.

Appeal from special term, New York county.

Action by H. Koehler & Co. against James W. Brady. Plaintiffs had judgment, and defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and WILLIAMS, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

William E. Wyatt, for appellant.
Emanuel J. Myers, for respondents.

WILLIAMS, J. The action was brought by the assignee of a lease and the mortgagee of personal property, against the owner of the leased premises upon which the personal property was situated. The relief sought was to establish the plaintiff's rights in the premises under the lease, and to restrain the defendant from interfering with plaintiff's possession. The facts established at the trial were substantially as follows: The premises, being the store and warerooms on West side, and front of cellar in house No. 228 East Forty-Fifth street, New York City, were leased by the defendant to Daniel J. Foley, May 18, 1892, to be used and occupied only as a liquor store. The term was 9 years and 11 months, from June 1, 1892, and the rent was $360 per year, to be paid monthly in advance. It was agreed in the lease that, in case of default in the payment of the rent or any of the covenants of the lease, the lessor might re-enter and possess himself of the premises, and that the lessee would not assign the lease or underlet the premises without the written consent of the lessor, under penalty of forfeiture of the lease. The lease was acknowledged and recorded in the register's office of New York City. Foley took possession of the premises under the lease, and put in the usual fix-

tures, bar, and furniture used in his business. He remained in possession, carrying on the business, and paying the rent, until about the 1st day of July, 1892, when he sold the personal property and assigned the lease to Jacob Wissman, and this assignment was recorded in the register's office of New York City. Wissman went into possession of the property at once, and carried on the business, and paid the rent to, and the same was received by, defendant, until October 29, 1892, when Wissman sold the personal property, and assigned the lease to James McGinn, and this assignment was recorded in the register's office in New York City. McGinn at that time borrowed from the plaintiff $1,800 to make the purchase with, and, as collateral security for the payment thereof. gave plaintiff a chattel mortgage upon the personal property and an assignment of the lease. McGinn went into possession of the premises at once, and remained in possession, and carried on the business, and paid the rent to the defendant, until about February 15, 1894. During this time, on October 7, 1893, the plaintiff sent defendant a letter, which defendant received, wherein it was stated that the plaintiff was assignee of the lease of the premises then occupied by McGinn, and, if McGinn failed to pay defendant the rent promptly on the 1st of every month, defendant should notify plaintiff, and plaintiff would pay it. About February 15, 1894, McGinn sold the personal property to McCabe, and surrendered possession of the premises to him. The defendant, about the 22d day of February, 1894, found McCabe in possession of the premises, and then assumed to lease them, by parol, to McCabe, by the month, from February 1, 1894, at $30 per month, payable in advance. Thereafter, on February 26, 1894, the February rent remaining unpaid, the defendant commenced proceedings to dispossess McCabe; and March 5, 1894, a warrant was issued by the court, and McCabe surrendered the premises to defendant, under this warrant. On the 15th day of March, 1894, the plaintiff offered to pay the defendant any arrearages of rent under the Foley lease, but the defendant declined to give plaintiff any information as to whether there were any arrearages or the amount thereof. March, 30, 1894, the defendant sent a letter to plaintiff asking plaintiff to come to the premises; and one of plaintiff's firm went, and met the defendant. The defendant then said the rent for January, February, and March, 1894, $90, was unpaid. The plaintiff thereupon tendered defendant the $90, and stated that plaintiff was tenant of the premises, and was ready and willing to pay the rent required by the lease to be paid, and any and all expenses defendant may have incurred by reason of the arrearages of rent. The defendant refused to accept the back rent, and claimed to be the owner of the premises and business, offered plaintiff $100 for the personal property, and said, if plaintiff did not take that, he would throw the property out of the premises. The 31st day of March, 1894, was the first time that plaintiff knew the rent was in arrears. This action was commenced April 6, 1894. A preliminary injunction was obtained, enjoining defendant from removing plaintiff's personal property from the premises. This injunction was vacated at special term. The general term, on appeal, reinstated the injunction. 78 Hun, 443, 29 N. Y. Supp. 388. The court of appeals reversed the general term, and vacated the injunction again

(144 N. Y. 135, 38 N. E. 978), but merely on the ground that there was no necessity for such an injunction, even if the plaintiff was entitled to the relief asked for in the action, and that the property could otherwise be preserved during the pendency of the action. The merits of the claim were not passed upon by the court of appeals at all. The general term did, however, consider the merits, and the views expressed by that court led the trial court to make the decision and judgment appealed from here.

We agree entirely with the views expressed by the general term, and it is unnecessary to add anything to the discussion there had of the rights of the parties. The court erred in granting the extra allowance of $100 in the decision as made. There was no proof given of the value of the subject-matter involved in the action,—the lease,—which could be made the basis for computing such allowance. Heilman v. Lazarus, 90 N. Y. 672. The judgment, however, does not show that the costs included such allowance, and there was no order granting it, aside from the clause in the decision. There is no basis, therefore, for a modification of the judgment in that respect.

The judgment appealed from is right, and should be affirmed, with costs. All concur, except INGRAHAM, J., who dissents.

INGRAHAM, J. (dissenting). The difficulty attending the decision of this case, and the uncertainty as to the right of the plaintiffs to recover, and as to just what relief they were entitled to, appears to have been caused by the manner in which the complaint was framed, as nobody yet appears to have been satisfied as to just the theory upon which the plaintiffs ask for any relief. The facts alleged are that the defendant, being the owner of certain property which he had leased, and upon which lease these plaintiffs had a lien, obtained possession of the property, and refused to recognize the plaintiffs' right to possession as mortgagee of the lease. In this condition, the plaintiffs ask a court of equity to interfere, by a mandatory injunction, to put them into possession of the premises of which they never had possession, the right to the possession of which depends upon a mortgage upon a lease which has never been foreclosed; thus allowing an action in equity to be commenced to recover the possession of real estate, instead of leaving the plaintiffs to their action of ejectment. No case is cited by which a court of equity has ever thus interfered to put a person in possession of real property. When a lessee or one claiming the right to occupy that relation is in possession of property, courts of equity have interfered to prevent that possession from being disturbed, either by the landlord or any other person; but these plaintiffs never were in possession, never demanded possession of the property from the mortgagor, and, so far as appears, never demanded possession of the property until the landlord had resumed possession. I know of no proceedings that can, by the use of a mandatory injunction, thus take the place of an action of ejectment, to recover the possession of real property by one who is out of possession, and who has never had such possession. I do not understand that either the decision of the late general term or of the court of appeals has held that such an action can be maintained. It is evident from the opinion delivered at the

general term that the court was extremely doubtful as to the nature of the action; and certainly the views expressed by the court of appeals upon this complaint do not tend to remove that doubt. If this defendant refused to recognize the plaintiffs as his tenants, and refused to give them the possession of the leased premises, the plaintiffs had either their action of ejectment to recover the possession of the premises, or their action against the landlord for damages. It does not seem to me that, in addition, they could get possession of the property through means of a mandatory injunction.

I think, therefore, that there was no cause of action either alleged or proved in equity, and that the complaint should have been dismissed.