This is the usual action by a property owner against a railroad to restrain its operation, by injunction, and for damages. The action was originally brought in the name of the plaintiff Daniel Mooney on the 1st of December, 1890. At that time he was clearly entitled to maintain the action. On the trial of the case before the court at Special Term it appeared that, pending the action and on the 15th of April, 1891, Mooney conveyed the premises to the plaintiff David Cohen. In this conveyance Mooney reserved the easements of light, air and access as taken and used by the defendants, *Page 245 
and all the claims for damages for such taking and use, both as to the fee and rental value, past, present and future. It also appeared that on the 13th day of October, 1891, Cohen conveyed the premises to the plaintiff Francis Scallion, subject to the same reservation contained in the deed already mentioned. This change in the title was found as a fact by the trial court. The grantees in these two conveyances were made parties to the action at the trial in the manner hereafter described. The court awarded to Mooney a moneyed judgment for the sum of $278.55; to Cohen, $82.35; and to Scallion, $562.95. The court also awarded an injunction, to be operative after a certain time in case the plaintiff Mooney and his two grantees tendered to the defendants a conveyance and release of all right, title and interest in the easements and premises described in the complaint, to be held and used by the defendants for their corporate purposes, and the defendants refused to receive the same and pay to Mooney $2,700 fee damages, which his coplaintiffs in this action consented, in open court, might be paid to him. The learned Appellate Division has reversed this judgment, and as the order of reversal does not state that it was upon the facts, we must assume it was upon the law. (Code Civ. Pro. § 1338.)
The only question of law presented by this record is the power of the learned trial judge, at the trial, to bring in two additional parties who had acquired an interest in the real property subsequent to the commencement of the action, and who were required by the judgment actually rendered to join with Mooney in a conveyance of the easements to the defendants. This question has been discussed at length upon the briefs of counsel, but it does not seem to me that it presents any question of law. The time and the mode in which new parties, whether plaintiff or defendant, may be brought in as well as the conditions to be imposed, involve almost in every case questions of discretion that are not reviewable in this court. The learned Appellate Division had the power to review the discretion exercised at the trial and to hold, as it did, that the manner in which the power to amend and bring in new *Page 246 
parties was exercised at the trial was not wise or just, under the circumstances, to the defendants. That was evidently the view which the learned court below, upon appeal, took of the case. But this view finds no expression whatever in the order as actually entered, since it conclusively imports that the trial court erred, as matter of law, and not in the exercise of discretion. It appears from the record that the defendants moved at the trial to dismiss the complaint so far as the same demanded relief by injunction or the payment of money to avoid the issuing of the same because of the impairment of the fee value, on the ground that Mooney was not then the owner of the fee or of any part thereof, or entitled to any relief by injunction. The court reserved its decision upon this motion. The defendants' counsel then moved for an adjournment of the trial until all the parties in interest were properly brought before the court by an application on the part of the plaintiff for leave to serve a supplemental summons and complaint, bringing in his grantees as parties plaintiff, with leave to the defendants to answer the supplemental complaint. The court did not pass upon this motion at the time; but, at this stage of the proceedings, the plaintiffs Cohen and Scallion appeared in court by counsel and requested that they be made parties plaintiff in the action and consented to submit their rights to the court. The court granted the motion, ordered that the pleadings and proceedings be amended accordingly; that the defendants be allowed on the trial to make any defense that they may be advised, with the same force and effect as if a supplemental complaint and answer had been made and served, and to this end the cause was postponed for two weeks for further hearing. The conveyances made during the pendency of the action were then offered in evidence, and, with other testimony in the case, the court made findings of fact and law, and awarded the judgment already described. It is, I think, quite plain that this action of the learned trial judge does not present a question of law which this court has a right to review, unless it be the question of power to act at all. The new parties appeared in court and asked to be brought *Page 247 
in, to the end that the whole controversy might be decided in the one action. They did not, and cannot, complain of the manner in which they were made parties to the record. No one complains of that but the defendants, and, since the order of the court permitted the defendants to make any defense that they had, it is difficult to see what real ground of complaint can be urged in their behalf. There are various ways in which it is competent for the court of original jurisdiction to bring in new parties, and the particular course that it may decide to adopt generally presents a question of choice or discretion not open to discussion in this court. The facts which rendered the presence of the new parties necessary in order to permit a final adjudication of the controversy were patent and undisputed. They were evidenced by the two conveyances made subsequent to the commencement of the action, and the defendants were permitted by the court to raise any question growing out of these new facts that they could raise in any form or in any manner. The original plaintiff, by his counsel, suggested one method of bringing in the new parties, while the defendants' counsel suggested another method. The defendants' method was to put the plaintiff to his application at a Special Term to amend the process and the pleadings and to serve a supplemental complaint with the right to the defendants to serve a supplemental answer. The learned trial judge doubtless had the power to compel the plaintiff to resort to that method, dilatory as it was, but he decided to make them parties on their own application and to let the cause proceed as if everything had been done that the defendants' counsel asked. The contention of the learned counsel for the defendants is that the judge had no power to do that. In this we think he is mistaken. By the provisions of the Code extensive powers in this respect are conferred upon the court of original jurisdiction.
"The court may determine the controversy, as between the parties before it, where it can do so without prejudice to the rights of others, or by saving their rights; but where a complete determination of the controversy cannot be had without *Page 248 
the presence of other parties, the court must direct them to be brought in. And where a person, not a party to the action, has an interest in the subject thereof, or in real property, the title to which may in any manner be affected by the judgment, and makes application to the court to be made a party, it must direct him to be brought in by the proper amendment." (§ 452.)
"In case of a transfer of interest, or devolution of liability, the action may be continued, by or against the original party; unless the court directs the person, to whom the interest is transferred, or upon whom the liability is devolved, to be substituted in the action, or joined with the original party, as the case requires." (§ 756.)
"In a case specified in the foregoing sections of this title, where such a person applies in his own behalf, the court may direct that he be made a party, by amendment of the pleadings, or otherwise as the case requires. Where an application is made by the plaintiff, to bring in such a person as defendant, the court may direct that a supplemental summons issue, and that supplemental pleadings be made." (§ 760.)
"The court may, upon the trial, or at any other stage of the action, before or after judgment, in furtherance of justice, and on such terms as it deems just, amend any process, pleading, or other proceeding, by adding or striking out the name of a person as a party, or by correcting a mistake in the name of a party, or a mistake in any other respect or by inserting an allegation material to the case; or where the amendment does not change substantially the claim or defense, by conforming the pleading or other proceeding to the facts proved. And, in every stage of the action, the court must disregard an error or defect, in the pleadings or other proceedings, which does not affect the substantial rights of the adverse party." (§ 723.)
In view of these broad provisions of the statute, it cannot be said that the trial court was without power to bring in, as parties plaintiff, those persons who had become interested in the realty during the pendency of the suit. The manner in which the power was exercised is a question of discretion and not of law. The court had the power to order and direct that *Page 249 
the grantees of the premises, pending the action, should be made parties by amendment of the pleading or otherwise as the case requires. The two parties that were brought in by the amendment did not ask to state their case by a pleading, and did not need any pleading whatever for the protection of their rights and interests. The defendants were permitted to meet the new situation in any way that it could be met, after the service of a supplemental complaint. The judgment in the case is a perfect protection to the defendants' rights, since they cannot be interfered with in the operation of their railroad until everybody interested in the property has joined in a conveyance of the easements. (Koehler v. N.Y. El. R.R. Co., 159 N.Y. 218;Pegram v. N.Y. El. R.R. Co., 147 N.Y. 135; Domschke v.M.E.R. Co., 148 N.Y. 343.) It is apparent, therefore, that the learned counsel for the defendants complains of proceedings had at the trial, all of which were matters of discretion. We are not able to see that the discretion was improperly exercised; but the learned Appellate Division, doubtless, had the power to revise the decision of the trial court in that respect, and if it had and had expressed its decision in the manner required by the Code, this court would have no power to interfere with it; but the time and the manner of the amendment made at the trial is all that the defendants complain of, and no question of law is involved.
We said in the Koehler Case (supra) that where a plaintiff in one of these equity suits conveys the property pending the litigation, he may make a timely motion on notice to the defendant for an order bringing in his grantee, and that when the record is so amended, the trial may proceed as if the conveyance had not been made. We adhere to that view now, but it was not intended in that case to prescribe any rule of practice for the courts of original jurisdiction, nor was it intended to question the power of the court at the trial to order the amendment when the new parties were present asking for it, and the only question to be considered was the right of the defendant to a reasonable opportunity to meet the new issues, if any, arising from the introduction of new *Page 250 
parties. If the amendment created any new issues in this case, the defendants' rights were protected by the ruling of the court allowing an adjournment and permitting any proof to be made that was in any way pertinent to such issue. The only question is whether a court of equity may, upon the trial, admit new parties to the record when they ask to be heard and when their presence is necessary for a complete determination of the controversy. When all the parties are before the court, as in this case, we entertain no doubt with respect to the power to order the amendment in the manner and upon the conditions that it did. It was an exercise of discretion by the trial judge in furtherance of justice, and no rule of practice or principle of law was violated. We think there was power in the court to order the amendment as it did, and hence the order appealed from should be reversed and the judgment of the Special Term affirmed, with costs.
PARKER, Ch. J., BARTLETT, HAIGHT, MARTIN, VANN and LANDON, JJ., concur.
Order reversed, etc.