H. Koehler & Company, Respondent, *v.* James W. Brady, Defendant.

Peter Doelger, Appellant.

*Action to restore a tenant to the possession of the demised premises — entry after a judgment to that effect of a further judgment awarding damages and making them a lien on the premises — how far such further judgment is good as against a person who purchases the premises* pendente lite *— laches of such purchaser — the purchaser allowed to take an appeal.*

A tenant which had been illegally evicted from premises in which it desired to carry on the liquor business, brought an action in equity against the landlord, onè Brady, to recover possession of the premises. A notice of *lis pendens* was filed at the commencement of the action. The action resulted in a judgment awarding the plaintiff possession of the premises until the expiration of his term and contained a provision authorizing either party to apply for further directions at the foot of the judgment.

Subsequent to the filing of the *lis pendens*, Brady executed a mortgage upon the premises to one Doelger, and after the affirmance of the judgment by the Court of Appeals he conveyed the premises to Doelger. Thereafter the plaintiff served upon Brady's attorney a petition which stated that, by Brady's wrongful acts, the right to conduct the liquor business upon the demised premises had terminated, and that the judgment had become valueless to the plaintiff. It demanded as relief that an order of reference be granted to determine "the compensation to which your petitioner is entitled by reason of the acts aforesaid, and that he may have such further order, relief or judgment, supplemental to and in aid of the performance of the judgment herein as may be proper and equitable in the premises."

Upon this petition the court granted an order which provided that the original judgment "be enforced and carried into execution as hereinafter provided in aid of and supplementary to the said judgments hereinbefore mentioned," and "that specific performance of the judgments hereinbefore mentioned having failed, that the said plaintiff is entitled to compensation by way of damages, if any, by or suffered for the acts and misconduct of the defendant."

The order appointed a referee to ascertain and determine the amount of the plaintiff's damages and ordered that the plaintiff have judgment against Brady for the amount so determined.

It was further adjudged that either of the parties might apply to the court at the foot of the decree for any further order or judgment.

Thereafter the referee made his report, fixing the amount which the plaintiff was entitled to recover and determining that "plaintiff obtained a lien on the said premises by the filing of its notice of pendency of this action, and that the interest of the defendant in the premises at the time of the filing of the notice of pendency of the action as aforesaid should be sold at public auction according to the rules of this court, and the proceeds of sale applied to the payment of the said

sum. of $2,593.81 damages suffered by the plaintiff, and the costs and disbursements of this action," and that judgment should be entered in favor of the plaintiff and against the defendant for this sum and costs.

There was no intimation in the complaint or in the notice of pendency of the action or in the original judgment that the plaintiff claimed any lien upon the premises for the amount of his damages.

The referee's report was subsequently confirmed and a judgment was entered decreeing that the plaintiff. by the filing of the *lis pendens*, had acquired a lien upon Brady's interest in the premises for the amount of the damages as determined by the referee; that the premises be sold at public auction to satisfy such lien, and that Brady and all persons claiming under him, after the filing of the *lis pendens*, be foreclosed of all interest in the premises, and also that the plaintiff have judgment against Brady for any deficiency.

Brady had notice of all the proceedings in the action, but no formal notice thereof was given to Doelger, although the plaintiff knew of his interest in the premises. It appeared, however, that Doelger acquired knowledge, in some undisclosed manner, of the making of the referee's report and of the fact that it contained a provision declaring the plaintiff's damages to be a lien upon the premises, but that, notwithstanding this fact, he stood idly by and permitted the referee's report to be confirmed.

Subsequent to the entry of the last-mentioned judgment Doelger made a motion at Special Term, to set aside the judgment and the referee's report and to allow him to come in and contest the plaintiff's right to sell the property to enforce his right of action against Brady.

Upon an appeal from an order denying this motion, it was

*Held,* that if Doelger had made the application at any time before the referee's report was confirmed, he would have been entitled to an order making him a party to the proceedings supplemental to the original judgment and have been allowed to oppose the imposition upon his property of a lien for the damages caused by Brady's wrongful act in evicting the plaintiff;

That as Doelger had stood idly by until after the report had been confirmed and the judgment entered, he was not entitled to have the judgment vacated upon motion;

That he should, however, be allowed to intervene in the action as it stood, in order to enable him to protect his property by an appeal from the judgment.

APPEAL by Peter Doelger from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 15th day of August, 1902, denying his motion to set aside a judgment in favor of the plaintiff theretofore entered in the action, and for leave to intervene and defend said action.

*Louis Marshall,* for the appellant.

*Emanuel J. Myers,* for the respondent.

INGRAHAM, J.:

The relief originally asked for in the complaint was to restrain the defendant Brady, who was the owner of certain real estate known as No. 228 East Forty-fifth street, city of New York, from interfering with or disturbing the plaintiff's possession of certain personal property upon such real property, and from interfering with the lease of the store, a portion of the property held and owned by the plaintiff, and from interfering with the possession of said premises by the plaintiff as tenant of said property. When the action was commenced the plaintiff filed a notice of the pendency of the action. The defendant interposed an answer, and upon the trial in June, 1896, the plaintiff obtained a judgment by which it was adjudged that the plaintiff was entitled on the 31st of May, 1894, and was still entitled to the possession of the store and rear room on the west side and front part of the cellar of the house known as No. 228 East Forty-fifth street until the expiration of a certain lease made by the defendant Brady for a term of nine years and eleven months from June 6, 1892; that the defendant Brady yield up and surrender to the plaintiff possession of the said premises, to have and to hold the same for the unexpired term which the said lease was to run, from the 31st of March, 1894, upon the plaintiff paying to the defendant certain rent reserved for the use of the said premises; and the defendant was enjoined and restrained from interfering with, molesting or disturbing the plaintiff in the quiet and uninterrupted enjoyment of the use and occupation of said premises, either party to have liberty to apply for further directions at the foot of the judgment. From this judgment the defendant Brady appealed to this court, where the judgment was affirmed (22 App. Div. 624), and subsequently with a like result appealed to the Court of Appeals. (163 N. Y. 565.) The judgment on the remittitur of the Court of Appeals was entered in the Supreme Court on May 21, 1900.

The real property was subject to two mortgages, one for $16,000 and one for $2,500. On the 4th day of June, 1896, the defendant Brady mortgaged the premises to Peter Doelger for $4,800, and that mortgage was recorded on June 8, 1896. In October, 1901, Doelger purchased the prior mortgage upon the property to secure the payment of $2,500, and thus owned the mortgage for $2,500

and his own mortgage for $4,800 ; and on October 31, 1901, after
the affirmance of the judgment by the Court of Appeals, Doelger
acquired title to the premises from Brady and received a deed of
conveyance which was dated October 31, 1901, and recorded December 7, 1901.   When Doelger thus acquired title to the property
this judgment had been affirmed by the Court of Appeals, and he
undoubtedly took the property subject to the right of the plaintiff
to enforce the judgment that had been entered and which required
him to recognize plaintiff as tenant for the balance of the term of
the lease upon payment of the rents due under the lease ; but that
was all the relief that the plaintiff had asked for in the complaint
and the only relief granted by the judgment.   On September 12,
1900, the plaintiff served upon the defendant's attorney a petition,
with a notice of motion that an application would be made to the
Special Term on the 24th day of September, 1900, that the prayer
of the petition be granted.   That petition set forth the commencement of the action, the judgment that was rendered, its affirmance
by this court and by the Court of Appeals ; that at the commencement of this action there were certain fixtures and personal property
of the value of about $1,500, belonging to the plaintiff ; that the
premises that were subject to the lien that the plaintiff had sought
to enforce had been long used as a liquor saloon, and that the lease
of such premises at that time had a definite commercial value of
$2,500 ; that the defendant had wrongfully refused to permit the
plaintiff to enter upon and continue in the enjoyment of the said
premises for and during the term of the said lease, and further
refused to permit the said fixtures and personal property to remain
in and upon the said premises, but had removed, taken and carried
away the same, notwithstanding the rights of the plaintiff ; that
owing to the provisions of the statute regulating the liquor traffic, the
defendant in discontinuing such business had prevented the same
from being used for that purpose ; that the value of such lease for
the business of the petitioner has been wholly determined and ended
owing to the wrongful acts of the defendant, and that the provisions
of the judgment recovered by the plaintiff against the defendant
have by reason thereof become wholly nugatory and useless and
without benefit or value to the plaintiff ; and that the plaintiff
having been denied by the defendant the right of enjoyment to

which it was entitled, and the same having become nugatory and without benefit to the petitioner by reason of the aforesaid wrongful acts, the plaintiff asked that an order of reference be granted to determine " the compensation to which your petitioner is entitled by reason of the acts aforesaid, and that he may have such further order, relief or judgment, supplemental to and in aid of the performance of the judgment herein as may be proper and equitable in the premises." In pursuance of this notice and on the 15th of October, 1901, an order was granted, after hearing the defendant, which provided that the original judgment in this action " be enforced and carried into execution as hereinafter provided in aid of and supplementary to the said judgments hereinbefore mentioned ; " and further ordering " that specific performance of the judgments hereinbefore mentioned having .failed, that the said plaintiff is entitled to compensation by way of damages, if any, by or suffered for the acts and misconduct of the defendant," and it was referred to a referee to ascertain and determine the value of the lease of the premises set forth in the judgment dated September 16, 1896, and to ascertain and determine the value of the personal property belonging to the plaintiff in and upon the said premises on the 31st day of March, 1894 ; and it was further ordered, adjudged and decreed that the plaintiff recover of and have judgment against the defendant Brady for the amount, if any, which the referee shall determine. It was further adjudged that either of the parties have leave and are at liberty to apply to this court at the foot of this decree, as occasion may require, for any further order or judgment.

Notice of the proceeding before the referee under this order or judgment, or whatever it may be called, was served upon the attorneys for the defendant Brady, but he failed to appear, whereupon the plaintiff offered evidence as to the value of the property specified in the order or judgment directing the reference. On December 3, 1901, the referee made his report, in which he found that the sum which the plaintiff was entitled to recover by way of damages, by reason of the failure of the plaintiff to obtain the specific relief for which this action was brought, was the amount of the indebtedness of one McGinn to the plaintiff, amounting, with interest, to $2,593.81 ; and the referee further reported that " plaintiff obtained a lien on the said premises by the filing of its notice of

pendency of this action, and that the interest of the defendant in the premises at the time of the filing of the notice of pendency of the action as aforesaid should be sold at public auction according to the rules of this court, and the proceeds of sale applied to the payment of the said sum of $2,593.81 damages suffered by the plaintiff, and the costs and disbursements of this action," and that judgment should be entered in favor of the plaintiff and against the defendant for this sum and costs.    This would seem to be the first intimation in any of these proceedings that the plaintiff claimed a lien upon the real property for the damages that he had sustained because of the act of the landlord in improperly ejecting him from the leasehold premises and this was some time after Doelger, the appellant, had acquired title to the property by the conveyance from Brady.    There was no intimation in the complaint or in the notice of pendency of the action, or in the judgment that was entered, that the plaintiff had acquired any lien upon the premises, and our attention is called to no authority which has ever determined that in consequence of a wrongful ejectment of a tenant by the landlord the damages that he sustained in consequence of such ejectment became a lien upon the leased premises, or that a tenant is entitled to enforce his claim for damages against a landlord for an illegal eviction by having a lien for the damages sustained thereby impressed upon the leased premises, and the property sold to satisfy such claim.    If the plaintiff had sought to enforce such a lien in its original action, I think there would be no question but that it would have been denied such relief.    Instead of suing the defendant for the damages sustained in consequence of its illegal eviction, it commenced an action in equity to be relieved from a default in the payment of rent, and from a final order dispossessing it of the premises, and that it be awarded possession of the leasehold property, and that relief was granted. But in that action plaintiff asked for and obtained no judgment for the damages sustained because of its eviction.    When it obtained the judgment that it had asked for, it did not want it, having then ascertained that the liquor business which it desired to carry on on the premises could not be carried on there because, under the law regulating the liquor business, it could not obtain a license; and then it sought to change the final judgment into one for damages to recover the loss it had sustained by reason of its eviction,

which had been adjudged by the judgment to be illegal, and from which it was entitled to be relieved. But there was no suggestion in this application, notice of which had been served upon the defendant, that the court would be asked to decree that the amount of the damages awarded was a lien upon the demised premises, or that the premises should be sold to satisfy such lien. The notice of motion which was served on the defendant only asked for a personal judgment against the defendant for the damages the plaintiff had sustained in consequence of the eviction. The defendant did not appear upon that reference, and no notice of either the application for a supplemental or additional judgment, or the proceedings before the referee, was served upon Doelger, who had acquired a mortgage upon the property and subsequently had acquired title to it. Upon the application to confirm the referee's report, notice was given to the defendant's attorney, but no notice was given to Doelger, who had become the owner of the property. The plaintiff's attorney testified that, after the affirmance by the Court of Appeals of this judgment, he was informed by the defendant's attorneys that the defendant had no further interest in the premises; that the only party interested therein was Peter Doelger; that Doelger was the practical owner of the property, and that the defendant was insolvent. But, with knowledge of this fact, no notice of any of those applications was ever given to Doelger. Doelger, however, acquired knowledge of this report, for on the 21st day of December, 1901, after the notice of motion to confirm this referee's report was served, the attorney for the defendant served an affidavit of Doelger and of Mr. Harding, an associate of Doelger's attorneys, with notice that these affidavits would be used in opposing the motion to confirm the referee's report, but, subsequently, on December 31, 1901, the defendant's attorney served a notice withdrawing these affidavits. Thereupon, on the 24th day of December, 1901, the motion to confirm the referee's report was granted, and on January 9, 1902, a second supplemental final judgment was entered, making three judgments in this action, neither of the first two being vacated or disturbed, awarding a personal judgment against Brady for the amount reported by the referee, and adjudging that the plaintiff obtained a lien on the 21st day of May, 1894, the date of the filing of the lis pendens, upon the right, title and interest of the defendant

Brady in and to the premises; that the right, title and interest of the defendant Brady as of the 21st day of May, 1894, in the said premises, subject to any liens and incumbrances upon the said premises on the said 21st day of May, 1894, be sold at public auction under direction of a referee; that from the proceeds of such sale the referee pay to the attorney for the plaintiff the costs and disbursements of this supplemental application, and pay to the plaintiff or his attorneys the sum reported due by the referee and interest, and deposit the surplus moneys, if any, with the chamberlain of the city of New York, and awarding judgment against Brady for any deficiency, and further adjudging that defendant and all persons claiming under him, after filing of notice of pendency of this action, be forever barred and foreclosed from all right, title and interest and equity of redemption in the said mortgaged premises so sold, or any part thereof.

We have here an action which had been brought for an injunction and proceeded to final judgment giving that relief by a series of supplemental final judgments, turned into an action to impress a lien upon real property, to enforce the lien and sell the property, when after the judgment it had been sold to a third party; and this without any amendment of the pleadings or final judgment, without notice to the party who has acquired title to the property, when there is no authority in the Code or in the practice for such a proceeding, and when the property of a person not a party is sold without giving him an opportunity to be heard to object; and all this because a notice of the pendency of an action to enjoin the owner of property from interfering with the possession of a tenant of a portion of the property had been filed — a proceeding that is without parallel in any case of which I have knowledge, and in which fundamental principles usually applied in the administration of justice seem to have been disregarded. Subsequent to the entry of this judgment Doelger made a motion to the Special Term to set aside this judgment and referee's report and to allow him, as the owner of property acquired subsequent to the final judgment in the action, to come in and contest the right of the plaintiff to sell the property to enforce his right of action against Brady. This motion was denied, and from the order entered thereon Doelger appeals.

That Doelger is now the owner of this property is not disputed, and this third final judgment, without notice to him and in a proceeding in which he was not a party, assumes to impose a lien upon his property for the damages caused by the wrongful act of the defendant, and to sell his property to satisfy such lien.   If Doelger had made this application at any time before the referee's report was confirmed I think he would have been entitled to an order making him a party to the proceeding supplementary to the original judgment, and have been allowed to oppose the imposition upon his property of a lien for the damages caused by the wrongful act of the defendant in evicting the plaintiff.   He evidently, however, knew of the referee's report and that by it a lien was imposed upon his property. Under such circumstances it is apparent that it would be improper for the court at Special Term to vacate the judgment or order entered upon the referee's report and allow Doelger to litigate the question which he knew had been determined when he stood by and allowed the court to confirm the report without opposition. It appears, however, that the defendant has taken an appeal from this supplementary judgment, and that appeal is pending.   The defendant has no interest in the property and no interest in prolonging the litigation or protecting the owner from this attack, and as Doelger is the real party in interest, I can see no objection to making him a party to the action and allowing him to prosecute the appeal from this supplementary judgment.   It is claimed by the plaintiff that Doelger has been the substantial party in interest during the most of the litigation, and the plaintiff does not claim but that it had knowledge of the fact that Doelger had become the owner of the property and the person substantially affected by this application.   It proceeded without formal notice to him, although the effect of its application was to fasten a lien upon his property, and ended in what is called a judgment, which, if executed, will divest him of his property.   Before that is consummated and his property swept away, he certainly should have some chance to be heard ; and while I think that if it had appeared that this whole proceeding was without notice to him, he would be entitled to have it set aside, yet as he had actual knowledge of the fact that this report had been made, which stated that a lien did exist and that plaintiff was entitled to enforce it, it was his duty to move promptly and

before the report was confirmed. By waiting until after the report was confirmed and the judgment entered, he is now precluded from having it vacated on motion; but he should be allowed to intervene in the proceeding as it stands, so that he can protect his property by an appeal from the judgment. Section 452 of the Code of Civil Procedure provides: " Where a person not a party to the action has an interest * * * in real property the title to which may in any manner be affected by the judgment. * * * and makes application to the court to be made a party, it must direct him to be brought in by the proper amendment."

That the court has power to bring in parties to whom real property has been conveyed pending the action is established. (*Mooney* v. *N. Y. Elev. R. R. Co.*, 163 N. Y. 242.) Nor is the power limited so that a party interested in real property which is affected by a judgment cannot be made a party to the action after judgment, so that he can test its validity by an appeal.

The order so far as it refuses to vacate the referee's report and the judgment should be affirmed; but so far as it denies the motion of Doelger to intervene in the proceeding the order should be reversed and the motion to that extent granted, without costs of this appeal.

VAN BRUNT, P. J., O'BRIEN, MCLAUGHLIN and LAUGHLIN, JJ., concurred.

Order so far as it refuses to vacate referee's report and judgment affirmed; but so far as it denies appellant's motion to intervene, order reversed and the motion to that extent granted, without costs of this appeal to either party.