### MOGLIA v. NASSAU ELECTRIC R. CO.

(Supreme Court, Appellate Division, Second Department. June 5, 1908.)

1. APPEAL AND ERROR—RESERVATION OF GROUNDS OF REVIEW.

If the question as to the credibility of plaintiff's testimony concerning an alleged shock received from an electric pole is sought to be preserved for review, an appropriate charge should be requested, or at least an exception directed to that point should be taken; and the question is not presented for review by an exception to a refusal of a request that the question whether defendant had notice of the condition of the pole should be submitted to the jury.

2. ELECTRICITY—INJURY TO TRAVELER ON STREET—PRESUMPTIONS—RES IPSA LOQUITUR.

Where a person in a public street was injured by an electric shock from a pole belonging to and in the control of an electric railroad company, the doctrine of "res ipsa loquitur" applied, and there was a presumption of negligence on the part of the company, which in an action for the injury, the attending circumstances being conceded, must be rebutted by some explanation of the cause of the injury consistent with the exercise of due care on the company's part, since a prima facie case must prevail, unless there is some evidence to rebut it.

Appeal from Trial Term, Kings County.

Personal injury action by John Moglia against the Nassau Electric Railroad Company. From a judgment for plaintiff, and an order denying a new trial, defendant appeals. Affirmed.

Argued before WOODWARD, HOOKER, GAYNOR, RICH, and MILLER, JJ.

D. A. Marsh, for appellant.

Henry M. Dater (George F. Elliott, on the brief), for respondent.

MILLER, J. This suit was brought to recover damages for personal injuries alleged to have been caused by an electric shock received by the plaintiff from one of the poles belonging to the defendant's trolley system. The defendant offered no evidence in explanation of the accident, and the trial court charged the jury that a presumption

of negligence arose from the circumstances of the accident which called upon the defendant for explanation, and that, the defendant having offered no explanation, the only question for the jury to consider was the amount of damages.

The appellant contends that the jury was not bound to believe the plaintiff, and that it was for the jury to determine whether in fact he did receive an electric shock from the pole. There is evidence in the record tending to corroborate the plaintiff's version of the occurrence; but, aside from that, it was assumed on the trial by both sides that the accident happened in the manner testified to by the plaintiff. At the close of the charge the following colloquy occurred:

"Defendant's Counsel: I would like to take an exception to that part of your honor's charge in which your honor charged the doctrine of 'res ipsa loquitur.'

"The Court: Suppose you put your request to me to charge in your own language, and I will decline it, and then you have your exception.

"Defendant's Counsel: Yes. Then I except to that portion of your honor's charge in which your honor says that the only point in this case to be decided by the jury is the question of the amount of damages, and I ask your honor to leave it to the jury as a question of fact whether or not the defendant had any notice of the condition of this pole.

"The Court: I refuse.

"Defendant's Counsel: I except."

Thus it will be seen that the specific point which defendant's counsel sought to make by the exception was that the jury should be permitted to say whether the defendant had notice of the condition of the pole. If counsel desired to raise the question of plaintiff's credibility, an appropriate request to charge should have been made, or at least an exception directed to that point should have been taken, and the question is not presented by an exception specifically directed to a different point.

It is also urged that, even though the doctrine of "res ipsa loquitur" applied, it was still for the jury to draw the inference of negligence, even in the absence of any explanation by the defendant. In considering this question we must start with the proposition that the circumstances of the accident are undisputed. The plaintiff in a public street received an electric shock from a pole belonging to and in the control of the defendant. So much is deemed established. From those facts a presumption of negligence arises. Clarke v. Nassau Electric Railroad Co., 9 App. Div. 51, 41 N. Y. Supp. 78; Braham v. Nassau Electric Railroad Co., 72 App. Div. 456, 76 N. Y. Supp. 578. In the Clarke Case, supra, Mr. Justice Bartlett said:

"The doctrine of 'res ipsa loquitur' simply calls upon the defendant, after proof of the accident, to give such evidence as will exonerate him, if any there be, and relieves the plaintiff from the burden of proving the nonexistence of an adequate explanation or excuse."

The proof of the occurrence and the surrounding circumstances, the "res," makes a prima facie case; the legal presumption arising from such proof establishing prima facie the defendant's negligence. Kay v. Metropolitan Street Ry. Co., 163 N. Y. 447, 57 N. E. 751; Griffen v. Manice, 166 N. Y. 188, 59 N. E. 925, 52 L. R. A. 922, 82 Am. St. Rep. 630. Now, in the case at bar the facts from which the legal

presumption arisės are deemed established. Therefore the defendant
was called upon to offer some explanation of the cause of the acci-
dent consistent with the exercise of due care on its part. It was incum-
bent upon the defendant either to dispute the facts from which the
legal presumption arose or to offer some evidence tending to rebut
such presumption. A prima facie case must prevail, unless there is
some evidence to rebut it. Heilman v. Lazarus, 90 N. Y. 672; Spen-
cer v. C. M. L. Ins. Ass'n, 142 N. Y. 505, 37 N. E. 617.

The judgment and order should be affirmed.

Judgment and order affirmed, with costs. All concur.